**J. RAYMOND JONES and RUTH HOLLOWAY JONES, Plaintiffs**

v.

**J. DUTTON SMITH, CAROL F. SMITH and H. E. LOCKHART DEVELOPMENT CORPORATION, Defendants**

## Civil No. 248-1964

## District Court of the Virgin Islands

Div. of St. Thomas and St. John

## May 10, 1965

*See, also, 241 F.Supp. 913*

129

BAILEY & WOOD (WILLIAM W. BAILEY, of counsel), Charlotte Amalie, St. Thomas, Virgin Islands, *for plaintiffs*

MAAS & IRELAND (RICHARD B. CONKLIN, of counsel), Charlotte Amalie, St. Thomas, Virgin Islands, *for defendants*

GORDON, *District Judge*

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above entitled civil action for declaratory judgment and injunction was filed on the 17th day of July, 1964. The Court on the same day issued a temporary restraining order against the defendants. On the 24th day of July, 1964 the Court issued a preliminary injunction wherein the defendants were enjoined from continuing to construct the house which is in issue. The case came on for trial on the merits on December 2, 3, 4, 1964. Testimony of witnesses was taken and arguments of counsel were made. On December 4, 1964 the matter was taken under advisement and counsel for both sides were given time to file post trial briefs. The last brief was filed by the defendants on January 8, 1965. By order of this Court on February 15, 1965, each side was directed to file proposed findings of fact and conclusions of law. On the 15th day of March, 1965 counsel for the defendant filed his proposed findings of fact and conclusions of law. After a careful review of the evidence and the law, the Court makes the following:

## FINDINGS OF FACT

1. The plaintiffs, J. Raymond Jones and Ruth Holloway Jones, are the owners of Parcel 38, Second Subdivision of Estate Thomas, 6A New Quarter, St. Thomas, Virgin Islands by virtue of a Warranty Deed dated January 27, 1962. Said warranty deed was properly recorded with the Recorder of Deeds on the 29th day of January 1962. Said warranty deed contained the following restrictive covenants:

130

"To have and to hold said premises in fee simple forever, subject to the following covenants running with the land:

"a. The property shall be used for a private residence only, including such customary appurtenances as a garage and servants' quarters . . . .

"f. The foregoing provisions shall inure to the benefit of all plot owners in the area."

2. On the 25th day of March, 1959, Parcel Number 40, Second Subdivision of Estate Thomas, Number 6A, New Quarter, St. Thomas, Virgin Islands was conveyed by H. E. Lockhart Development Corporation to Carter L. Marshall and John A. Singleton by Warranty Deed. Said Warranty Deed was properly recorded with the Recorder of Deeds on the 25th day of March, 1959. Said Warranty Deed contained the following restrictive covenant:

"To have and to hold said premises, as tenants in common, in fee simple forever, subject to the following covenants running with the land:

"a. the property shall be used for the construction of a private residence only, including such customary appurtenances as a garage and servants' quarters, if desired; the projected cost of which shall be not less than Fifteen Thousand Dollars ($15,000.00); provided that Buyers may subdivide said area into not exceeding three parcels, one to be retained by Buyers and the other to be sold to third parties; provided further that on the parcel retained by Buyers, a duplex structure for the accommodation of two families may be constructed thereon for the personal use of Buyers;

*　　　*　　　*

"f. The foregoing provisions shall inure to the benefit of all plot owners in the area."

3. On the 1st day of October, 1962, Grace L. Marshall, widow and sole beneficiary of the late Carter L. Marshall, and John A. Singleton and Josephine L. Singleton, his wife, conveyed by Warranty Deed to the defendants Parcel Number 40, Second Subdivision of Estate Thomas, Number 6A, New Quarter, St. Thomas, Virgin Islands. Said Warranty Deed was duly recorded in the office of the Recorder of Deeds on the 17th day of October, 1962. Said Warranty

Deed contained the same restrictive covenants as were contained in the deed described in finding Number 2.

4. The defendants on July 31, 1963 conveyed by Warranty Deed Parcels No. 40A and 40B to Laverne J. Sharp and Gwen S. Sharp and they retained the remainder of Parcel No. 40 for themselves.

5. The defendants on April 30, 1963 applied for and obtained a building permit from the Commissioner of Public Works. Said building permit granted permission to the defendants "to construct private and rental duplex dwellings". Subsequently the defendants applied to the Planning Board for a special exception to construct a duplex building. Appropriate applications were filed with the Planning Board, appropriate notices were published by the Planning Board and a hearing was held by the Planning Board. No objections were made to the defendant's proposed building by anyone including the plaintiffs.

On the 13th day of January, 1964, the Virgin Islands Planning Board granted the defendants a special exception to construct a four family structure.

6. At no time did the plaintiffs oppose the defendants' application for an exception with the Planning Board, even though they had been put upon constructive notice of the hearing held before the Planning Board. The plaintiffs did not appeal the ruling of the Planning Board to this Court which is permitted by law. [29 Virgin Islands Code § 277.]

7. The defendants commenced building a duplex structure on Parcel 40C in June, 1963 which was modified to include two efficiency apartments on the lower level sometime in December of 1963 or January of 1964.

8. The Second Subdivision of Estate Thomas which encompasses Parcels Numbers 12 through 40, even though title was derived through a common grantor, H. E. Lockhart Development Corporation, does not have the character of a scheme of neighborhood development, or a pattern of

restrictive covenants. In several of the deeds of Parcels Numbers 12 through 40 there are variances in the restrictive covenants.

9. The estimated cost for the modified building under construction by the defendants is between $75,000 and $80,000. Over $50,000 has been spent in the construction of the building to date. If the defendants were precluded from completing the building, they would be financially injured.

From the foregoing Findings of Fact, the Court makes the following:

### CONCLUSIONS OF LAW

1. In the Second Subdivision of Estate Thomas, no neighborhood scheme exists.

2. The term "private residence" is different from the term "single family residence" or "single family detached dwelling". The term "private residence" as used in the restrictive covenants of the Warranty Deed of the plaintiffs and defendants refers to a residence which is private wherein an individual person or family lives. This may be an apartment or an apartment house. The term "single family residence" or "single family detached dwelling" refers to a dwelling wherein an individual or family lives, but which precludes more than one family from residing.

3. The plaintiffs would not be irreparably injured if the defendants would be permitted to complete the dwelling.

4. The preliminary injunction heretofore issued on July 24, 1964 shall be dissolved.

5. The balancing of the equities leads the Court to the conclusion that the defendants should be granted judgment. This is not to say that the Court will not in the appropriate case issue a permanent injunction against persons who wilfully violate restrictive covenants in their deeds.

6. The equitable doctrine of laches is applicable in this case and would thus foreclose the plaintiffs from prevailing.