## M. B. M., INC., Plaintiff

v.

## RUPERT A. GEORGE, ELENORA GEORGE, RUPERT GEORGE CONSTRUCTION, INC., and BANK OF NOVA SCOTIA, Defendants

Civil No. 1980-87

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 27, 1980

453

FREDERICK WATTS, ESQ. (LOUD, WATTS & MURNAN), St. Thomas, V.I., *for plaintiff*

RONALD T. MITCHELL, ESQ. (PALLME, ANDUZE, MITCHELL & DOW), St. Thomas, V.I., *for defendants George & George Construction, Inc.*

FREDERICK ROSENBERG, ESQ., St. Thomas, V.I., *for defendant Bank of Nova Scotia*

CHRISTIAN, *Chief Judge*

## MEMORANDUM

On April 17, 1980, this Court conducted a hearing on M. B. M., Inc.'s application for a preliminary injunction. Fed. R. Civ. P. 65(a). The hearing was consolidated into a trial on the merits of M. B. M.'s action for a permanent injunction. Fed. R. Civ. P. 65(a)(2). At the conclusion of the hearing, after making findings of fact, the Court requested that the parties submit briefs on three issues. Those issues are: (1) Whether other encroachments in the right of way bar relief as to defendants' encroachment; (2) Whether the parties mutual mistake as to the location of the property line and the placement of the stone wall bars relief; and (3) Whether the defendants own the property encroached upon pursuant to 28 V.I.C. § 47. The Court will enjoin the defendants from reneging on their December 1979 agreement and will direct that they remove, forthwith, that portion of the stone wall marked A in plaintiff's Exhibit 8.

*Mutual Mistake and Other Encroachments*

The defendants failed to convince the Court that the existence of other encroachments along the right of way or the parties mutual mistake as to the boundary line should bar plaintiff's suit. This Court is being asked to do equity and equity weighs heavily against the Georges.

In the later months of 1979 defendants became aware that the cistern they were building as well as the wall in question were encroaching on the right of way. Mr. George approached the president of M. B. M., Inc. (who also owned the property on the other side of the right of way) and sought relief. Plaintiff offered to deed to the defendants a small portion of the right of way where the cistern encroached in exchange for the removal of the encroaching stone wall. The defendants readily agreed.

██ ██ If the defendants, like their neighbors, were innocently encroaching no injunction would issue. However, the defendants'

purposeful act of reneging on their agreement to remove the wall bars consideration of many of the equities involved. A court sitting in equity will ordinarily balance the hardship of a proposed injunction on a defendant against the benefit to be derived by the plaintiff. However, such balancing of equities will not be considered where the defendant's action was intentional. Le Clerq v. Zaia, 328 N.E.2d 910, 913 (Ill. App. Ct. 1975). Furthermore the Court will not consider the effect of the other encroachments because no one else bargained for and accepted an agreement requiring removal of the encroachment. Moreover we cannot accept the defense of mutual mistake after the December agreement. Defendants assert that the December agreement is void due to the dictates of 28 V.I.C. § 47(4).

*The Effect of 28 V.I.C. § 47(4)*

■ Defendants maintain that pursuant to the provisions of 28 V.I.C. § 47(4) they own that part of the right of way which they are encroaching upon. 28 V.I.C. § 47 provides in part:

§ 47. Construction of conveyance; description of property

The following are the rules for construing the descriptive part of a conveyance of real property when the construction is doubtful and there are no other sufficient circumstances to determine it: . . .

(4) When a road or stream of water not navigable is the boundary, the rights of the grantor to the middle of the road or the thread of the stream are included in the conveyance, except where the road or bed of the stream is held under another title.

These rules of construction come into effect when the description of the property in the deed is unclear. No such ambiguity exists in the case at bar.

The boundary description of Parcel 6-13 provides:

Beginning at an iron boundpost which is the southernmost point of parcel number 6-14 and the northeast corner of parcel number 6-13 the line runs:

N 71 degrees 38 minutes 50 seconds E along parcel number 6-14 a distance of 50.3 feet to an iron boundpost, thence

Continues N 71 degrees 38 minutes 50 seconds E along parcel number 6-14 a distance of 16.7 feet to a point on edge of estate road right of way, thence

Southeasterly then northwesterly along edge of estate road right of way a distance of 135 feet more or less to an iron boundpost, thence

455

N 26 degrees 00 minutes E along portion of parcel number 6 a distance of 23.0 feet to an iron boundpost which is the point of origin.

██ ██ The whole comprises an area of 3,200 square feet. This metes and bounds description is supplemented by a map which clearly shows that the boundaries of 6-13, the defendant's plot, does not include the right of way in question.[1] If a deed in describing the land to be conveyed incorporates into the description a particular map, such map is part of the deed for the purpose of identifying the land conveyed. C. SMITH, R. BOYER, SURVEY OF THE LAW OF PROPERTY 300 (2d ed. 1971); see also M. FRIEDMAN, CONTRACTS AND CONVEYANCES OF REAL PROPERTY 673–688 (3d ed. 1975). Hence, the defendants' assertion that they own the property they are encroaching upon due to the ambiguity in the deed is erroneous.

In conclusion, plaintiff's request for injunctive relief must be granted. The defendants encroached on the right of way, agreed to remove the encroachment, and failed to do so. They offer no viable defense for their action. Therefore, in the interest of justice we will hold the Georges to their December agreement and order the removal of the encroaching wall.

Plaintiff will submit a proposed draft of an appropriate injunction to the Court for its approval.

---

[1] See plaintiff's Exhibit 5 p. 136A.