**THE ESTATES OF ENFIELD GREEN OWNERS' ASSOC., INC.,**
Appellant
v.
**NIGEL FRANCIS, Appellee**

D.C. Civ. App. No. 94-27

District Court of the Virgin Islands

Div. of St. Croix

February 22, 1995

KEVIN A. RAMES, ESQ., Christiansted, St. Croix, V.I., *for Appellant*

G. LUZ A. JAMES, ESQ., Christiansted, St. Croix, V.I., *for Appellee*

MOORE, *Chief Judge*, District Court of the Virgin Islands; FINCH, *Judge* of the District Court of the Virgin Islands: and DIASE, *Judge* of the Territorial Court of the Virgin Islands, St. Thomas/ St. John Division, Sitting by Designation.

On Appeal from the
Territorial Court of the Virgin Islands

**OPINION OF THE COURT**

The Estates of Enfield Green Owners' Association, Inc. ("appellant" or "the Association") contends that the Territorial Court

abused its discretion in denying its request for mandatory injunction against Nigel Francis ("appellee" or "Francis"). For reasons set forth below, this Court will reverse the Territorial Court's judgment dated January 27, 1994 and remand the matter with instructions to grant the injunction.

## I. FACTUAL BACKGROUND

The Estates of Enfield Green is a moderate income residential subdivision located in Estate Enfield Green, westerly of the Airport Road West in Fredericksted, St. Croix, U.S. Virgin Islands. The subdivision consists of 360 residential plots on 300 acres, on which approximately 30-35 residences are either built or under construction. The Estate of Enfield Green is subject to five comprehensive and carefully designed declarations establishing restrictive covenants which have been filed with the Recorder of Deeds. Appellant is a homeowners' association organized and existing under the laws of the Virgin Islands empowered to enforce the provisions of the various covenants contained in the Declarations. Appellee is the owner of Plot 64 in the Estates of Enfield Green and by virtue of this ownership is a member of the Association.[1]

The Association sought injunctive relief against Francis alleging violations of the restrictive covenants contained in appellee's warranty deed. Specifically, the appellant alleged that Francis deviated from a pre-approved construction plan and caused to have constructed a "cupola"[2] which violated the height restrictions proscribed by the Association.[3] The Territorial Court heard

---

[1] The parties do not dispute that the relevant Declaration was incorporated, in a preliminary form, as an attachment to the Rueben V. Ruiz Installment Contract For The Purchase of Land which was assigned to Francis in October, 1991. Appendix for Appellant at 26. The Declaration was recorded as an encumbrance on Plot 64 on July 2, 1987 at the Office of the Recorder of Deeds, St. Croix at P.C. 242, Page 101, Document Number 3506/87. *Id.* at 52.

[2] A "cupola" is a rounded vault resting on a circular or other base and forming a roof or a ceiling. Webster's Ninth New Collegiate Dictionary 315 (9th ed. 1990).

[3] Section III, para. 6 of the Declaration states:

6. *Construction permits.* Any dwelling, facility, or outbuildings to be constructed, altered, or rebuilt or any excavations and land changes in the Estates of Enfield Green must be constructed of all new, first class materials and must have all the required Virgin Islands permits as well as written Construction Permit from the Board of

the matter and issued a memorandum opinion and order denying the Association's request on the grounds that removal of the cupola would result in hardship to Francis disproportionately greater than any benefit to the Association. This appeal followed.[4]

## II. STANDARDS OF REVIEW

■ We have appellate jurisdiction pursuant to V.I. Code Ann. tit. 4, § 33. While the denial or issuance of injunctive relief is reviewed by this Court for abuse of discretion,[5] the determinations that are prerequisite to issuing the injunction are reviewed according to the appropriate standard. Thus, questions of law are given plenary review. See Government of the Virgin Islands v. Etienne, 28 V.I. 121, 127, 810 F. Supp. 659, 662 (D.V.I. App. 1992); Ross v. Bricker, 26 V.I. 314, 318, 770 F. Supp. 1038, 1042 (D.V.I. App. 1991).[6]

## III. DISCUSSION

Francis initially complied with the Declaration by submitting his plans and receiving the required permission to begin construction. He later changed those pre-approved plans to add the cupola which exceeded the height restrictions without re-submitting the

---

Directors. Plots Numbered 49-112, 119 through 135 are to have maximum roof height at the peak of sixteen (16) feet, Plots nos. 35-48, 199-135 are to have a maximum roof height of twenty four (24) feet at the peak. This permit shall be issued to the owner, unless the Board determines that said construction does not comport with the provisions of these Covenants, the By-Laws or any Rules or Regulations then in effect. The Board may enforce this provision by Injunction or as otherwise provided by law.

The maximum roof height at the peak of Francis' dwelling on his lot, Plot 64, is, thus, sixteen feet (16'). The offending cupola constructed by Francis is twenty feet (20') above finished grade, four feet (4') over the maximum allowable height.

[4] This Court can only consider matters properly brought before it on appeal. Because no cross-appeal was filed, the issue of attorneys' fees raised by appellee is not before us.

[5] Hamdallah v. Virgin Islands Water and Power Authority, 23 V.I. 441 (D.V.I. APP. 1988).

[6] As we have noted elsewhere, the Appellate Division of the District Court is the highest arbiter in such matters of local law. E.g., In the matter of Barrett, 91CI159A.DX2 (D.V.I. App. January 31, 1995). With the 1984 amendments to the Revised Organic Act of 1954 § 23A(b), 48 U.S.C § 1613a (1976 & 1986 Supp.), reprinted in V.I. Code Ann., Historical Documents, 61 (1967 and 1994 Supp.), the Congress has extended the principles of federalism to the judicial system of this Territory. Matter of Alison, 837 F.2d 619, 622 (3d Cir. 1988) (acknowledging the overall congressional intention to "encourage the development of a local Virgin Islands appellate structure with greater autonomy with respect to issues of Virgin Islands law" and recognizing the Appellate Division as "a step in that direction," that is, as an intermediate Virgin Islands court of appeals).

changes for approval. Such actions brought him in violation of the covenants in two ways: first, by failing to get the modifications approved by the appropriate governing body and, second, by constructing a building four feet (4') above the height restriction. Francis was notified, both orally and in writing, of these violations; however, construction of the cupola continued until its completion. Br. for Appellant at 5.

■ A court of equity will normally balance the hardship of a proposed injunction on a defendant against the benefit to be derived therefrom by a plaintiff. It has long been the rule in this jurisdiction, however, that "such balancing of equities will not be considered where the defendant's action was intentional." M.B.M., Inc. v. George, 17 V.I. 453, 455 (D.V.I. 1980), accord Jones v. Smith, 5. V.I. 129, 133, 241 F. Supp. 913, 915 (D.V.I. 1965). Indeed, courts have deemed the application of the balancing test as "improper" in such instances[7] and the offending party is said to have acted at his own peril.[8]

In light of this limitation on its discretion, the Territorial Court erred in considering the resulting harm to appellee and benefit to appellant by requiring appellee to remove the cupola. Francis had notice of the restrictive covenants contained in his deed and was at least twice notified that adding the cupola violated those restrictions. Appellee nevertheless went ahead to complete the construction of the non-conforming structure. Francis' actions were clearly intentional and, consequently, relative hardship should not have been considered by the trial judge.

### III. CONCLUSION

For the foregoing reasons, the Territorial Court's denial of the Association's request for a mandatory injunction is reversed, and the case is remanded for the entry of an order mandating that the non-conforming structure built by Francis be brought into compliance with the Declaration, including removal of the offending cupola. An appropriate order will be entered.

---

[7] Gey v. Beck, 390 Pa. Super. 317, 568 A.2d 672, 678 (Pa. 1990).
[8] Peters v. Davis, 426 Pa. 231, 231 A.2d 748, 752 (Pa. 1967).

**ORDER OF THE COURT**

AND NOW, this day of February 22, 1995, after careful review of the record and having considered the submissions of the parties; and for the reasons set forth in the Court's accompanying opinion of even date;

IT IS ORDERED:

THAT the Territorial Court's judgment dated January 27, 1994 is REVERSED, and the matter is REMANDED for further proceedings consistent with this Court's opinion of even date.