**In the Matter of Sylvie ALISON.**

**Appeal of John and Margo YNTEMA.**

**No. 86–3623.**

United States Court of Appeals, Third Circuit.

Argued Dec. 8, 1987.

Decided Jan. 26, 1988.

Gerald T. Groner (argued), St. Croix, V.I., for appellants.

Mark L. Milligan (argued), St. Croix, V.I., for appellee.

Before GIBBONS, Chief Judge, and STAPLETON and MANSMANN, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Chief Judge:

This case presents the question whether this court has appellate jurisdiction over an order of the Appellate Division of the District Court of the Virgin Islands reversing a final judgment of the Territorial Court of the Virgin Islands, and remanding for further proceedings. Our appellate jurisdiction arises under Pub.L. No. 98–454, Title VII, § 705(c), 98 Stat. 1739, 1740, 48 U.S.C. § 1613a(c) (Supp. II 1984), which in relevant part provides:

The United States Court of Appeals for the Third Circuit shall have jurisdiction of appeals from all final decisions of the district court on appeal from the courts established by local law.

The Territorial Court dismissed on the pleadings a paternity action brought by a plaintiff claiming to be the biological father of a child born in wedlock to a mother married to another man. The District Court Appellate Division reversed and remanded. The mother and her husband appeal. We conclude that the order reversing and remanding is not a "final decision," and thus that we lack appellate jurisdiction. The appeal will therefore be dismissed.

### I.

In September of 1983, Montgomery Thompson filed in the Territorial Court of the Virgin Islands, St. Croix Division, an "action for Paternity and Custody." Thompson alleged that in August of 1983 a child, Sylvie Alison, was born to Margo Hewitt Yntema, the wife of John Yntema, and that Thompson not John Yntema is the child's biological father. The petition named both Margo and John Yntema as respondents. Together, they filed a Fed.R. Civ.P. 12(b)(6) motion to dismiss on the ground that the biological father of a child born in wedlock lacked standing to challenge the common law presumption of legitimacy or to seek custody. The Territorial Court granted the motion to dismiss. In August of 1985 Thompson appealed to the Appellate Division.

On September 29, 1986, the Appellate Division reversed the Territorial Court, holding that the Virgin Islands Declaratory Judgments Act, 5 V.I.C. § 1261 (1967), coupled with the Virgin Islands statutory presumption of legitimacy, 19 V.I.C. § 833 (1976), gave Thompson standing to rebut the presumption that a child born to a married woman is the legitimate child of her husband. The Appellate Division remanded for proceedings consistent with its per curiam opinion. Although that opinion makes reference to facts not set forth in the pleadings, we interpret the Appellate Division ruling to mean no more than that the complaint states a cause of action for a declaratory judgment of paternity, which Thompson must now prove, as a predicate for a claim of custody, which will, if he succeeds in proving biological paternity, be determined by the Virgin Islands law governing custody of children.

The Yntemas appealed to this court. Their appeal raises complex issues of Virgin Islands domestic relations law which, if decided in their favor, would, according to Thompson, raise serious constitutional law questions of equal protection and procedural and substantive due process.

### II.

In Title VII of Pub.L. No. 98–454, Congress amended judiciary provisions of the Organic Act of the Virgin Islands, 48 U.S.C. § 1611 et seq., in two significant respects, only one of which is directly involved in this case.

The provision that is not directly involved is section 702 of Title VII, which amends section 21(a) of the Organic Act to provide that "[t]he judicial power of the Virgin Islands shall be vested in a court of record designated the 'District Court of the Virgin

Islands' established by Congress, and in such appellate court and lower local courts as may have been or may hereafter be established by local law." Title VII, § 702, 98 Stat. 1737, 48 U.S.C. § 1611(a) (Supp. II 1984). If the Virgin Islands Legislature establishes a local appellate court as authorized by section 21(a) of the amended Organic Act, Title VII, section 705 provides that appeals from decisions of the courts of the Virgin Islands established by local law must be taken to that appellate court. Title VII, § 705(d), 98 Stat. 1740, 48 U.S.C. § 1613a(d) (Supp. II 1984). The relationship between such a local appellate division and the federal courts would thereafter be governed by the laws of the United States pertaining to the relations between the courts of the United States and those of the several States, except that for the first fifteen years of its existence this Court rather than the Supreme Court would have certiorari jurisdiction over "all final decisions of the highest court of the Virgin Islands from which a decision could be had." Title VII, § 704, 98 Stat. 1739, 48 U.S.C. § 1613a (Supp. II 1984). The certiorari jurisdiction which section 704 of Title VII authorized is not involved, because the Legislature of the Virgin Islands has never created the local appellate court authorized by section 21(a) of the Revised Organic Act.

The provision that is directly involved is that part of section 705 of Title VII, which amends the Organic Act to provide:

(a) Prior to the establishment of the appellate court authorized by section 21(a) of this title, the District Court of the Virgin Islands shall have such appellate jurisdiction over the courts of the Virgin Islands established by local law to the extent now or hereafter prescribed by local law: **Provided,** That the legislature may not preclude the review of any judgment or order which involves the Constitution, treaties, or laws of the United States, including this Act, or any authority exercised thereunder by an officer or agency of the Government of the United States, or the conformity of any law enacted by the legislature of the Virgin Islands or of any order or regulation issued or action taken by the executive branch of the government of the Virgin Islands with the Constitution, treaties, or laws of the United States, including this Act, or any authority exercised thereunder by an officer or agency of the United States.

(b) Appeals to the District Court of the Virgin Islands shall be heard and determined by an appellate division of the court consisting of three judges, of whom two shall constitute a quorum. The chief judge of the district court shall be the presiding judge of the appellate division and shall preside therein unless disqualified or otherwise unable to act. The other judges who are to sit in the appellate division at any session shall be designated by the presiding judge from among the judges who are serving on, or are assigned to, the district court from time to time pursuant to section 24(a) of this Act: **Provided,** That no more than one of them may be a judge of a court established by local law. The concurrence of two judges shall be necessary to any decision by the appellate division of the district court on the merits of an appeal, but the presiding judge alone may make any appropriate orders with respect to an appeal prior to the hearing and determination thereof on the merits and may dismiss an appeal for want of jurisdiction or failure to take or prosecute it in accordance with the applicable law or rules of procedure. Appeals pending in the district court on the effective date of this Act shall be heard and determined by a single judge.

(c) The United States Court of Appeals for the Third Circuit shall have jurisdiction of appeals from all final decisions of the district court on appeal from the courts established by local law. The United States Court of Appeals for the Third Circuit shall have jurisdiction to promulgate rules necessary to carry out the provisions of this subsection.

Title VII, § 705, 98 Stat. 1739–40, 48 U.S.C. § 1613a(a), (b), (c) (Supp. II 1984).

Since the legislature had not implemented section 21(a) of the Organic Act, 48 U.S.C. § 1611(a), the Appellate Division

created by Congress in 48 U.S.C. § 1613a came into effect, and Thompson's appeal was addressed to it. Neither party has suggested that there is any subject matter limitation on the Virgin Islands issues which this Appellate Division may consider. Thus we assume, arguendo, that it could address both the Virgin Islands law issues and the constitutional law issues raised by Thompson's appeal. Our subject matter jurisdiction appears to be derivative of that of the Appellate Division. Thus we assume, arguendo, that if the appeal is otherwise properly before us, we may address both Virgin Islands law issues and issues involving the Constitution, treaties, and laws of the United States. The narrow issue is whether an Appellate Division judgment reversing a Rule 12(b)(6) dismissal is a "final decision[ ] of the district court on appeal from the courts established by local law." Title VII, § 705(c), 98 Stat. 1739, 1740, 48 U.S.C. § 1613a(c) (Supp. II 1984).

Both in section 704 of Title VII, the inoperative provision governing this court's potential certiorari jurisdiction, and in section 705, the operative provision, Congress uses the term "final decisions." Title VII, §§ 704, 705, 98 Stat. 1739, 1740, 48 U.S.C. §§ 1613, 1613a(c) (Supp. II 1984). This term differs from the term "final judgments or decrees" found in 28 U.S.C. § 1257 (1982), which authorizes Supreme Court review of state court decisions. It is the same term, however, which is employed in 28 U.S.C. § 1291 (1982), which authorizes court of appeals review of district court decisions. We have found no legislative history suggesting that Congress attached any significance to the use of finality language consistent with section 1291, but slightly different from section 1257. From the context, it would appear that both under the yet to be implemented certiorari jurisdiction and under the implemented appellate jurisdiction over decisions of the Appellate Division our review is restricted to final judgments in the usually understood sense.

The Yntemas, faced with the unpleasant prospect of a trial on paternity and custody issues under the law of the case established by the decision of the Appellate Division, strongly urge that we should construe the Organic Act in a manner which would permit review of that decision at this time. They point out that had the Appellate Division affirmed the Territorial Court, Thompson could have obtained review, even though the legal issues would be presented here on the same record. *See Hair v. Pangilinan*, 816 F.2d 1341 (9th Cir.1987) (under similar Organic Act, court of appeals affirms judgment of District Court Appellate Division of Guam affirming decision of Guam Superior Court). In support of their proposed interpretation of 48 U.S. C. § 1613a(c), they urge as a close analogy the United States Supreme Court's certiorari jurisdiction over decisions in the courts of appeals. 28 U.S.C. § 1254 (1982). Because the Supreme Court's jurisdiction over decisions of the courts of appeals depends on that of the latter courts, the Supreme Court could review a judgment of a court of appeals which reversed a Rule 12(b)(6) dismissal. 17 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure 10, § 4036 (1978). The Yntemas urge that the Appellate Division is a federal appellate tribunal, and this court is the functional equivalent, in the federal scheme, of the Supreme Court.

The Yntemas' argument is both ingenious and practically appealing. Given the scheme of appellate review enacted by Congress, however, we cannot accept it. The overall congressional intention discernible in Title VII of Pub.L. No. 98–454 is encouragement of the development of a local Virgin Islands appellate structure with greater autonomy with respect to issues of Virgin Islands law than heretofore. The Appellate Division created by section 705 of Title VII represents a step in that direction, rather than toward the creation of a territorial federal appellate court with a place and role analogous to the place and role of the courts of appeals in the Article III court structure. Thus, entirely aside from the plain "final decision" language of the statute, the Yntemas' argument for disregarding that language would be inconsistent with the overriding congressional purpose in enacting Title VII.

### III.

Strong policy arguments come readily to mind in favor of interlocutory appellate review of decisions of intermediate appellate tribunals in cases such as this. They must, however, be addressed to the legislative branch. That branch has spoken in 48 U.S.C. § 1613a(c), and we are constrained to dismiss the Yntemas' appeal.