**JACQUELYN MONSANTO-SWAN, Appellant**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

Third Circuit No. 94-7289
D.C. Crim. No. 92-211
T.C. Crim. No. F272-91

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 25, 1996

138

RHYS HODGE, ESQ., *for Appellant*

PAUL GIMENEZ, Solicitor General, V.I. Department of Justice, *for Appellee*

MOORE, *Chief Judge*, District Court of the Virgin Islands; CONABOY, *Senior Judge of the United States District Court for the Middle District of Pennsylvania*, Sitting by Designation; and CABRET, *Judge of the Territorial Court of the Virgin Islands*, Division of St. Croix, Sitting by Designation.

## OPINION OF THE COURT

Jacquelyn Monsanto-Swan ["appellant" or "Monsanto-Swan"] pled guilty to one count of an information charging her with misappropriating public funds to her own use, in exchange for dismissal of the other eight counts; later she agreed to make restitution of the full amount described as misappropriated in the information. Appellant here contends that her agreement to pay the full restitution of over $96,000 entitled her to a probationary sentence without having to serve a period of incarceration. When this matter was before us the first time, we held that the Appellate Division did not have jurisdiction to review a judgment of conviction on a plea of guilty, and dismissed the appeal.[1] The matter is before us again on remand from the United States Court of Appeals for the Third Circuit, which ruled that section 23A(a)of Revised Organic Act of 1954[2] requires us to review and decide any "colorable constitutional claim" raised by a criminal appellant,

[1] *Monsanto-Swan v. Government of the Virgin Islands*, V.I. BBS 92CR211A.DT2 (D.V.I. APP. May 2, 1994).

[2] 48 U.S.C. § 1613a(a). The Revised Organic Act of 1954 is found at 48 U.S.C §§ 1541-1645 (1995), *reprinted in* V.I. CODE ANN., Historical Documents, 73-177 (codified as amended) (1995)["Revised Organic Act"].

whether or not the appeal is grounded on a plea of guilty. *Government of the Virgin Islands v. Warner [& Monsanto-Swan],* 48 F.3d 688, 693 (3d Cir. 1995). Pursuant to remand, after careful review and for the reasons articulated herein, this Court affirms the judgment below.

## FACTUAL BACKGROUND

Monsanto-Swan pled guilty on March 10, 1992, to embezzlement or falsification of public accounts in the amount of $2,028.49, in violation of V.I. CODE ANN. tit. 14, § 1662, Count VII of a nine-count Information, and acknowledged and accepted that the maximum penalty for this offense was a $10,000 fine and ten years in jail. The total amount alleged in the nine counts to have been embezzled from her employer, the Virgin Islands Housing Authority, was $96,586.42. Pending sentencing, appellant was released on bond, and the Government moved for restitution of $96,586.42 to be made to the victim pursuant to 5 V.I.C. § 3721. Appendix for Appellant ["App."] at 77. Appellant joined in the request, "provided that the terms of § 3721 are applied and [appellant] is afforded a sufficient period of time for making restitution." *Id.* at 82. Her response recited that she had "intended to request such a sentence to the court in this case." *Id.* at 82-83.

After a hearing on April 9, 1992, the sentencing judge acquiesced in the joint request for a sentence under section 3721, withheld sentencing for six months, set the date of October 9, 1992 for imposition of sentence, and placed appellant on probation for the intervening six months between April 9 and October 9, conditioned on her making restitution. Order of April 15, 1992. *Id.* at 91-92. Appellant having paid only $3,000 in restitution during her six-month probation, the court, on October 9, 1992, sentenced her to four years in prison. Amended Judgment and Commitment. *Id.* at 87-89. Although he had already complied with section 3721, the sentencing judge gave appellant another three months within which to make full or substantial restitution by postponing execution of sentence until January 2, 1993. *Id.* A further provision of the Amended Judgment and Commitment was that the court would consider a motion to reduce the jail sentence if full or substantial restitution was paid by that time. In unambiguous terms, both at

140

sentencing on October 9, 1992 and at a later hearing on January 8, 1993, the judge stated that the jail sentence could be reduced if appellant paid a substantial portion of restitution. *Id.* at 58, 74-75, 88. This appeal ensued.[3]

## JURISDICTION

When this appeal of Monsanto-Swan was before us the first time, we dismissed it, strictly interpreting the language of V.I. CODE ANN. tit. 4, § 33, which defines our local appellate jurisdiction, as withholding power to review a criminal case in which the defendant has been convicted upon a plea of guilty.[4] We recognized that section 23A(a) of the Revised Organic Act, provides that "the [Virgin Islands] legislature may not preclude the review of any judgment or order which involves the Constitution, treaties, or laws of the United States . . . ." 48 U.S.C. § 1613a(a).[5] We held, however, that this provision of the Organic Act was not a grant of jurisdiction, and, in any case, was not violated because dismissal of appellant's direct appeal did not preclude collateral review of her contentions.[6]

Pointing out that Monsanto-Swan alleged an error in the sentencing procedure *after* her guilty plea, and finding that appellant had articulated a colorable due process violation in claiming that the lower court had reneged on an alleged agreement to sentence

---

[3] Appellant's motion for reduction of sentence, filed while this appeal was pending, was denied because appellant still had paid back "virtually none of this money." Appendix for Appellant ["App."] at 58. Appellant was permitted to remain free on a property bond pending appeal.

[4] V.I. CODE ANN. tit. 4, § 33 provides that "[t]he District Court has appellate jurisdiction to review the judgments and orders of the territorial court in all civil cases, . . . and in all criminal cases in which the defendant has been convicted, *other than on a plea of guilty.*" (emphasis added).

[5] Revised Organic Act § 23A(a), provides, in part:

Prior to the establishment of the appellate court authorized by section 21(a) of this Act [48 U.S.C. § 1611(a)], the District Court of the Virgin Islands shall have such appellate jurisdiction over the courts of the Virgin Islands established by local law to the extent now or hereafter prescribed by local law: Provided, That the legislature may not preclude the review of any judgment or order which involves the Constitution, treaties, or laws of the United States, including this Act . . . .

48 U.S.C. § 1613a(a).

[6] *Monsanto-Swan,* V.I. BBS 92CR211A.DT2, slip op. at 5-7 and n.7.

her to probation, the Third Circuit Court of Appeals concluded that the more limited rights afforded a prisoner on collateral review are not sufficient to effectuate what Congress had in mind under section 23A(a) of the Revised Organic Act for airing constitutional claims. *Warner [& Monsanto-Swan]*, 48 F.3d at 691, 693. Concluding that direct appellate review of appellant's "colorable constitutional claim" is required under the Revised Organic Act, the court held that "the local law of the Virgin Islands cannot operate to deny a direct appeal to the appellate division" of such a constitutional claim. *Id*. The court went on to note that Monsanto-Swan had raised "other claims that do not involve the United States Constitution, a treaty, or federal law," and ruled that we were correct in dismissing such claims involving violations of only local law raised in an appeal from a guilty plea. *Id*. at 693 n.4. The court of appeals thus deferred to our construction of the applicability of a local statute to purely local issues of law. On remand, we take the opportunity to limn the basis and nature of this deference as we turn to the "task of categorizing [appellant's] claims into those that involve constitutional issues, and those that do not." *Id*.

## APPELLATE AUTHORITY UNDER THE ORGANIC ACT

### Appellate Division as Arbiter of Local Substantive Law

■ The deference given by the court of appeals to our determination of local law is consistent with our view of the allocation of appellate authority between the Appellate Division and the United States Court of Appeals within the present territorial-federal judicial structure set up by Congress under the Revised Organic Act of 1954, our 'Virgin Islands constitution.' Having carefully reviewed the jurisdictional provisions of the Revised Organic Act, as amended in 1984, Supreme Court decisions construing analogous territorial/federal relations, and the decisions of the United States Court of Appeals for the Third Circuit, we would construe the Appellate Division to be a territorial appellate tribunal akin to the highest state appellate court, whose interpretations of substantive local law should receive deference unless manifestly in error,

142

so long as they are in conformity with the Constitution and applicable federal laws.[7]

In 1984, Congress extended the concept of federalism in the Territory's judicial system by amending our "constitution" to enable the Virgin Islands Legislature to create its own 'supreme court.'[8] To cover the interim period, Congress set up an apparatus within the District Court (the Appellate Division) to exercise appellate power over matters of local law and, at the same time, continued the authorization to the local Legislature to establish the boundaries of our appellate jurisdiction over decisions of the Territorial Court,[9] which it has done in 4 V.I.C. § 33. The 1984 amendments further provide that the Third Circuit Court of Appeals "shall have jurisdiction of appeals from all *final decisions* of the District Court [Appellate Division] on appeals from the courts established by local law [Territorial Court]."[10] Although Congress provided no explicit statement of the standards by which the decisions of the Appellate Division are to be reviewed, the amendments give the Court of Appeals "jurisdiction to review by writ of certiorari all *final decisions*" of the Virgin Islands 'supreme court' for an interim period after it is created, and require that the relationship between this local appellate court and the federal courts "be governed by the laws of the United States pertaining to the relations between the courts of the United States . . . and the courts of the several States."[11]

The Supreme Court has had occasion to consider the appropriate standard of review to be used by a federal court of appeals when considering an appellate territorial court's decision regarding local substantive law in a case arising out of the then Territory of Hawaii.

---

[7] *HOVIC v. Richardson*, V.I. BBS 93CI261A.DX1 (D.V.I. App. June 20, 1995), *amended* V.I. BBS 93CI261A.DX3 (D.V.I. App. Aug. 11, 1995).

[8] Revised Organic Act § 21(a), 48 U.S.C. § 1611(a).

[9] Revised Organic Act § 23A(a), 48 U.S.C. § 1613a(a); *see supra* text accompanying note 5.

[10] Revised Organic Act § 23A(c), 48 U.S.C. § 1613a(c)(emphasis added).

[11] Revised Organic Act § 23, 48 U.S.C. § 1613 (emphasis added).

While the 34th section of the Judiciary Act[12] is not applicable to territories, the arguments of policy in favor of having the state courts declare the law of the state are applicable to the question of whether or not territorial courts should declare the law of the territories with the least possible interference.[13] It is true that under the appeal statute the [federal appellate] court had complete power to reverse any ruling of the [Supreme Court of Hawaii] on law or fact; [14] but we are of the opinion that this power should be exercised only in cases of manifest error. . . . In so far as the decisions of the Supreme Court of Hawaii are in conformity with the Constitution and applicable statutes of the United States and are not manifestly erroneous in their statement or application of governing principles, they are to be accepted as stating the law of the Territory. Unless there is clear departure from ordinary legal principles, the preference of a federal court as to the correct rule of general or local law should not be imposed upon [the Territory of] Hawaii.

*Waialua Agricultural Co. v. Christian*, 305 U.S. 91, 109 (1938) (some citations omitted).[15] In a later case growing out of Puerto Rico, the Supreme Court expressly articulated the standard for the deference to be paid rulings of insular appellate courts on matters of substantive local law as being "comparable to that [applied] when, upon appeals from federal district courts sitting in the states, the federal appellate courts are required to follow state law under the rule of *Erie R. Co. v. Tompkins*." *De Castro v. Board of Commissioners*, 322 U.S. 451, 459 (1949) (citations omitted).

We have found only one ruling of the Third Circuit Court of Appeals directly addressing the significance of the 1984 amend-

---

[12] Section 34 of the Judiciary Act is now codified as 28 U.S.C. § 1652:

The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply.

[13] Citing *Erie R. Co. V. Tompkins*, 304 U.S. 64 (1938).

[14] The United States Court of Appeals for the Third Circuit has the same power over all final decisions of this Appellate Division. Revised Organic Act § 23A(c), 48 U.S.C. § 1613(c).

[15] The Court in part relied on *Philippine Sugar Co. v. Philippine Islands*, 247 U.S. 385, 390 (1918)("This court is always disposed to accept the construction which the highest court of a territory or possession has placed upon a local statute. But that disposition may not be yielded to where the lower court has clearly erred.").

144

ments on the role of the Appellate Division. *In re Alison*, 837 F.2d 619 (3d Cir. 1988).[16] The issue presented was whether an Appellate Division judgment reversing a Territorial Court dismissal for failure to state a claim was a 'final decision' subject to review by the Court of Appeals under section 23A(c), 48 U.S.C. § 1613a(c).[17] The court noted that the same words were used by Congress in the statute authorizing certiorari review by the court of appeals of "final decisions" of the local court of appeals once it is created under section 21(a).[18] Reviewing the legislative history of the 1984 amendments, the *Alison* court construed 'final decisions' to mean the same as "final judgments or decrees" used to delimit United States Supreme Court review of decisions of state courts in 28 U.S.C. § 1257. "From the context," the court concluded, "it would appear that both under the yet to be implemented certiorari jurisdiction and under the implemented appellate jurisdiction over decisions of the Appellate Division our review is restricted to final judgments in the usually understood sense." *Id.* at 622. Despite "strong policy arguments" for interlocutory appellate review of such rulings, the Third Circuit Court of Appeals was constrained to conclude that the Appellate Division judgment reinstating the case was *not* a final decision Congress intended to be reviewable within the present territorial-federal judicial structure set up under the Revised Organic Act.

The *Alison* court went on to consider the argument that its jurisdiction over the Appellate Division be treated like the Supreme Court's jurisdiction over appeals from federal courts of appeals, which has no 'final decision or judgment' requirement,[19] rather than the Supreme Court's jurisdiction over state courts,

---

[16] *But cf. Saludes v. Ramos*, 744 F.2d 992, 993-94 (3d Cir. 1984)(An earlier decision which is inapposite because it (1) was on direct appeal from the district court sitting as a trial court and (2) preceded the 1984 amendments to the Organic Act which set up the present separate, insular judicial system for the Territory, although the panel did acknowledge the deference the Supreme Court required be given to such separate, independent territorial judicial systems.)

[17] *See supra* text accompanying note 10.

[18] *See supra* text accompanying note 11.

[19] 28 U.S.C. 1254 provides that cases "in the courts of appeals" may be reviewed: "(1) By writ of certiorari granted upon the petition of any party to any civil or criminal case, before or after rendition of judgment or decree . . . ."

which requires as a precondition that the decision be a final one.[20] Given the "scheme of appellate review enacted by Congress," *Alison* rejected the contention that "the Appellate Division is a federal appellate tribunal, and this court is the functional equivalent, in the federal scheme, of the [United States] Supreme Court." Rather, the court found that

> [t]he overall congressional intention discernible in [the 1984 amendments] is encouragement of the development of a local Virgin Islands appellate structure with greater autonomy with respect to issues of Virgin Islands law . . . . The Appellate Division . . . represents a step in that direction, rather than toward the creation of a territorial federal appellate court with a place and role analogous to the place and role of the courts of appeals in the Article III court structure.

*Id.*

■ We thus understand the *Alison* decision to recognize that, in the absence of a locally established Virgin Islands 'supreme court,' the Appellate Division sits as the local appellate court for the Territory. Accordingly, the standard for reviewing our decisions on substantive local law should be governed by the same provisions that will apply to the yet to be created Virgin Islands appellate court, namely, "by the laws of the United States pertaining to the relations between the courts of the United States . . . and the courts of the several States."[21] This imports a standard of deference comparable to that which federal courts sitting in diversity give to state court decisions on local law, unless our decision fails to conform to the Constitution and applicable federal law, or is manifestly erroneous.

---

[20] 28 U.S.C. § 1257 pertinently states:

(a) Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statue of any State is drawn in question on the ground of its being repugnant to the Constitution, Treaties, or laws of the United States . . . .

[21] Revised Organic Act § 23, 48 U.S.C. § 1613.

146

### Court of Appeals Consideration of Questions of Constitutional and Other Federal Law

■ Before any question of deference to rulings of the Appellate Division can come into play, it obviously must be determined that only issues of local, substantive law are involved. Where the Court of Appeals concludes that issues of federal law, constitutional or otherwise, are raised by the appeal, no such deference is possible, as the court concluded in its review of our initial decision dismissing this appeal.

Hence, the recognition by the Court of Appeals of the distinction raised in Monsanto-Swan's appeal between claims "that involve constitutional [and other federal] issues and those that do not" is fully consistent with the language of the Revised Organic Act, as amended in 1984, Supreme Court precedent on the relation between courts of appeals and territorial insular appellate courts, other precedent in this circuit, and our view that Congress intended this Appellate Division of the District Court to be the final arbiter of substantive local law pending the establishment by the local legislature of a court of appeals for the Territory.

### STANDARDS OF REVIEW

The issue thus presented involves whether the trial judge violated any agreement, or even reasonable expectation of appellant, when he sentenced her to jail after she failed to make substantial restitution during the probationary period of six months under 5 V.I.C. § 3721. Our review of this issue of law is plenary. *See Nibbs v. Roberts*, 31 V.I. 196, 204 (D.V.I. App. 1995); *In re Barrett*, V.I. BBS 91CI159A.DX2 (D.V.I.App. Jan. 31, 1995); *HOVIC v. Richardson*, V.I. BBS 93CI261A.DX1 (D.V.I. App. June 20, 1995), *amended* V.I. BBS 93CI261A.DX3 (D.V.I. App. Aug. 11, 1995).

### DISCUSSION

Appellant contends that in accepting the joint motion for restitution, the lower court was limited to sentencing her to probation pursuant to 5 V.I.C. § 3721. Appellant asserts that on April 9, 1992, the judge withheld sentencing under section 3721 for six months and ordered her to begin making payments, indicating that the

amount of restitution would affect the length of the probationary period to be imposed on October 9th.[22] Monsanto-Swan contends that her sentence was improper because section 3721 does not allow the court to order restitution, withhold sentence for a short period to get the restitution, and then impose a jail term.[23] Appellant also faults the judge for not making an inquiry to determine the reasonableness of the stated period of probation and of the amount to be repaid.[24] The Government opposes the appeal on the grounds that the plea agreement was properly accepted, Monsanto-Swan was fully advised regarding the potential penalties,[25] and both the sentence and the opportunity to pay restitution were appropriately and legally imposed.

We note preliminarily that appellant's alleged agreement with the trial judge that she would receive only a probationary sentence with no incarceration is nowhere to be found in the record. It is contained only in assertions made here on appeal, from which we glean that Monsanto-Swan's claim that the trial judge entered into such an understanding and then later reneged on it stems solely from her belief that by agreeing to sentence her pursuant to section 3721, the judge had agreed he would not send her to jail.[26] Such is not the law.

Section 3721 states that

> the court, by order, may withhold sentence or impose sentence and stay its execution, and in either case place the person on probation for a stated period, stating in the order the reasons therefor, and may impose any conditions of the probation which appear to be reasonable and appropriate to the court. If the court places the person on probation, the court shall require restitution designed to compensate the victim's pecuniary loss resulting from the crime to the extent possible, unless the court finds there is substantial reason not to order

---

[22] Brief for Appellant at 12.

[23] *Id.* at 12-13, 16-17.

[24] *Id.* at 16.

[25] Appellant does not challenge the validity of her guilty plea.

[26] *Id.* at 14-16, 18-19.

restitution as a condition of probation. . . . If the court does require restitution, it shall specify the amount. . . .

5 V.I.C. § 3721 (1995).

■ ■ Contrary to appellant's assertions, the judge explicitly followed this statutory directive and did not renege on any agreement in his cautious handling of appellant's sentencing. At the April 9th hearing, the trial judge told appellant in open court that he was "going to withhold sentence at this time and place [her] on six-months probation . . . [and] order that sum [$96,586.42], so much of it as Miss Swan is capable of making restitution, be accomplished within this six-month period." App. at 25. The judge gave as his reasons "that [1] the amount of restitution which is to be made will have a bearing on the length of incarceration that I ultimately sentence Miss Swan to, . . . [2] I want to see as much of this money paid back to our financially strained government, . . . [and 3] the defendant is expecting within the next four months or so." Id. at 26.

Appellant failed to object or tell the court that six months was not a reasonable time for making restitution, as she here claims to us, even after the judge asked her toward the end of the relatively short hearing if there was "anything further that we need to put on the record at this time." Id. at 27. It is clear from the tenor of the judge's comments on April 9th that he believed that appellant's quick agreement to make restitution of the full amount was an indication that she had the necessary funds readily available. Neither Monsanto-Swan nor her counsel took the opportunity afforded them at the hearing to disabuse the court if this was an incorrect assumption.

At sentencing on October 9, 1992, after allocution by both sides, the judge found that the terms of probation had not been satisfied, noting that appellant had only paid $3,000[27] in restitution during the six-month period of probation since April 9th — "nothing more than a drop in the bucket"[28] — and sentenced appellant to four

---

[27] App. at 50.

[28] Although appellant claims that she had paid $8,000-$9,000, the trial court found that she had paid only $3,000 in restitution during the six months that sentence was withheld.

years in jail. This interpretation of section 3721 as authorizing incarceration after withholding imposition of sentence during a period of probation is a perfectly appropriate reading of its language.[29] Even though the judge had already complied with section 3721, he gave appellant yet an additional opportunity to pay a substantial portion of restitution by staying execution of the sentence for another three months.

## CONCLUSION

Since there was no agreement with the trial judge that Monsanto-Swan would receive only a probationary sentence with no time served in jail, there is no foundation for appellant's claim that her due process rights were violated by an agreement on sentencing. Moreover, section 3721 permits the court to withhold sentence pending payment of restitution during a period of probation and to take the amount of restitution paid into consideration in determining what sentence to impose after probation. The trial judge precisely followed this statutory scheme. Based on her agreement and without any objection, appellant was ordered to pay restitution over a six-month period of probation, during which she made virtually no effort to pay the money back, and after which she was sentenced to a jail term. This Court finds no error in the Territorial Court's action and the Amended Judgment is affirmed. An appropriate order follows.

AND NOW, this 25th day of January, 1996, after careful review of the record and having considered the arguments of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED:

THAT the Territorial Court's Amended Judgment and Commitment dated November 19, 1992 is AFFIRMED.

---

*Id.* at 35, 50, 60. Even if appellant's claims are true, the trial court did not consider such amount to be significant or substantial. *Id.* at 64-65.

[29] Moreover, this interpretation is consistent with section 3720, which provides that the court "may impose any sentence which might originally have been imposed" where the terms of probation have not been satisfied. 5 V.I.C. § 3720 [previously numbered as 5 V.I.C. § 3712].