**Lorraine QUETEL, Appellant,**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee.**

**Crim.App. No. 2001–63.**

District Court, Virgin Islands,
Appellate Division,
D. St. Thomas and St. John.

Considered Nov. 30, 2001.

Filed Dec. 28, 2001.

---

**483**

Frederick G. Watts, St. Thomas, V.I., for Appellant.

Maureen Phelan Cormier, Assistant Attorney General, St. Thomas, V.I., for Appellee.

Before: Raymond L. Finch, Chief Judge of the District Court of the Virgin Islands; Thomas K. Moore, Judge of the District Court of the Virgin Islands; and Maria M. Cabret, Presiding Judge of the Territorial Court of the Virgin Islands, Division of St. Thomas, Sitting by Designation.

## OPINION OF THE COURT

PER CURIAM.

On May 13, 1998, Lorraine Quetel ["Quetel" or "appellant"] pled guilty to one count of embezzlement in violation of sections 1093 and 1094(a)(2) of title 14 of the Virgin Islands Code. The charge arose from her embezzlement of $1.7 million from L.S. Holdings, Inc., d/b/a Little Switzerland ["Little Switzerland"], where Quetel worked as a bookkeeper. Quetel had embezzled the funds along with her cousin and business partner, Lydia Magras ["Magras"], at Bon Voyage Travel Agency ["Bon Voyage"]. The trial judge accepted the plea and sentenced Quetel to ten years imprisonment with four years suspended. (J.A. at 162.) Quetel subsequently moved the trial court under Rule 136 of the Territorial Court to reduce her sentence and offered to make restitution in the amount of $300,000 in addition to her previous acts of restitution.[1] Finding that Quetel's sentence was neither illegal nor imposed in an illegal manner and noting that the offered restitution would "do less than what would be required to obtain parole" under 5

---

1. This apparently was the return of the $55,000 in jewelry. Quetel claims her total restitution is $450,000 (the $300,000 offer plus an additional $150,000). The jewelry accounts for $55,000, but there is a dispute whether the additional $95,000 was ever paid back.

V.I.C. § 4606, the trial judge denied Quetel's motion. Quetel timely filed this appeal and argues that the trial court erred in denying her motion for reduction in sentence. For the reasons set forth below, this appeal is dismissed for lack of jurisdiction.

## I. FACTUAL AND LEGAL BACKGROUND

Beginning in June of 1996, Quetel systematically began to embezzle funds from Little Switzerland. Using her position as the company's bookkeeper, Quetel wrote a check totaling $25,000 on a seldom-used bank account. In August of that year, she repeated this activity, but this time in the amount of $50,000. Quetel continued to write checks against Little Switzerland's account and over the next eight months, she had written over 27 checks totaling $1.7 million. Quetel and Magras used these embezzled funds in a number of ways, including personal use, paying off credit card bills, covering Bon Voyage's business expenses and gifts to friends. (J.A. at 40–44.) In addition to the monies stolen from Little Switzerland's bank account, Quetel fraudulently had Little Switzerland issue her a $150,000 credit by claiming to have purchased and returned jewelry. Quetel then used this credit to purchase $55,000 worth of jewelry.

Little Switzerland auditors eventually discovered Quetel's scheme and the company terminated her employ. She was later charged with one count of violating 14 V.I.C. § 605(a), unlawful participation in the affairs of an enterprise through a pattern of criminal activity, and 29 counts of violating section 1093 for embezzlement. On May 13, 1998, Quetel pled guilty to one count of embezzlement and was sentenced to ten years in prison with four years suspended. At the sentencing hearing, the trial judge stated: "With respect to any of the restitution, it would be deferred with respect to the civil action that is pending or if there is any proper offer of restitution that should be considered in any timely motion to reduce the sentence, the Court will be so inclined to reconsider." (J.A. at 115.) Subsequently, Quetel offered restitution in the amount of $240,000 immediately and the payment of $60,000 at a rate of $500.00 per month. Finding this offer inadequate as it was "far less than the amount embezzled," the trial court found that Quetel had failed to provide a compelling reason to reduce the lawfully imposed sentence. (J.A. at 186–87.)

Quetel timely filed this appeal and argues that the trial court abused its discretion when it denied her motion for reduction. In particular, Quetel argues that the trial court applied the wrong standard, namely 5 V.I.C. § 4606, when it determined that her restitution plan was inadequate.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

■ This Court has jurisdiction to review final judgments and orders of the Territorial Court in all criminal cases, except generally where the defendant was convicted by guilty plea. *See* 4 V.I.C. § 33.[2] Section 23A(a) of the Revised Organic Act, however, states that "the [Virgin Islands] legislature may not preclude the review of any judgment or order which involves the Constitution, treaties, or laws of the United States ...." 48 U.S.C.

---

**2.** *See* Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2000), *reprinted* *in* V.I. CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2000) (preceding V.I. CODE ANN. tit. 1) ["REV. ORG. ACT"].

§ 1613a(a); *see also Government of the Virgin Islands v. Warner*, 31 V.I. 373, 48 F.3d 688 (3d Cir.1995); *Monsanto–Swan v. Government of the Virgin Islands*, 33 V.I. 138, 141, 918 F.Supp. 872, 874 (D.V.I.App.Div.1996). Our review of constitutional claims is plenary. *See Nibbs v. Roberts*, 1995 WL 78295, 31 V.I. 196, 204 (D.V.I.App.Div.1995). In general, the severity of a sentence is not subject to review so long as it falls within the statutory limits. *See Chick v. Government of the Virgin Islands*, 941 F.Supp. 49, 50–51 (D.V.I.App.Div.1996). The standard for reviewing a sentence is abuse of discretion. *See Government of the Virgin Islands v. Grant*, 21 V.I. 20, 1984 U.S. Dist. LEXIS 16265 (D.V.I.App.Div.1984).

## B. Trial Court's Denial of Quetel's Motion for Reduction

■ Absent procedural defects in the sentencing itself, trial courts have "virtually unfettered discretion" in imposing a sentence within statutory guidelines and such sentences may not be disturbed on appeal. *See Walker v. Government of the Virgin Islands*, 124 F.Supp.2d 933, 936–37 (D.V.I.App.Div.2000) (finding procedural faults in sentencing). As this Court has previously held, "we have jurisdiction to consider only colorable claims of violations of the Constitution or laws of the United States." *Chick*, 941 F.Supp. at 51. The statute to which Quetel pled guilty provides for a possible sentence of ten years in prison. *See* 14 V.I.C. § 1094(a)(2). The trial court imposed the maximum sentence with four years suspended and was well within its right to do so.

Quetel does not suggest that the imposed sentence falls outside the legal parameters outlined in 14 V.I.C. § 1094(a)(2). She contends, however, that the trial court's denial of her motion to reduce her sentence on the grounds of inadequate res-

titution effectively imprisons her for debt, thereby violating federal law. *See* 48 U.S.C. § 1561 (making it unlawful under the Revised Organic Act to imprison an individual for debt). In support of her argument, Quetel points to the trial court's willingness to review a restitution offer, (J.A. at 115), and its subsequent denial of such an offer as inadequate. (*Id.* at 187.) Neither of these examples, however, create a valid colorable constitutional claim to justify overturning a lawfully imposed sentence.

■ From her briefs, Quetel appears to argue that, by offering to review its sentence upon an offer of restitution, the trial court was bound to accept her restitution offer and reduce her sentence accordingly. Such an argument, however, is misguided. Even though the trial court expressed a willingness to review an offer of restitution, it never explicitly stated that it would reduce Quetel's sentence upon the offer of restitution. Nor does the record reveal any implied agreement to do so. The trial court merely stated that it would consider such an offer of restitution. (J.A. at 115.) Thus, unlike *Monsanto–Swan v. Government of the Virgin Islands*, 33 V.I. 138, 141, 918 F.Supp. 872, 874 (D.V.I.App.Div. 1996), there was no potential agreement between the trial judge and the defendant upon which to assert a colorable constitutional claim. The offer of restitution was but one of many factors the trial court looked at in determining the proper sentence. Accordingly, upon Quetel's offer of restitution, the trial court was free to deny it as inadequate. *See Monsanto–Swan*, 918 F.Supp. at 879 (sentencing defendant to prison after noting that her payment of $3,000 in restitution out of $96,000 was "nothing more than a drop in the bucket"). The fact that the trial court may have looked to 5 V.I.C. § 4606 is irrelevant. The trial court was free to review any

factors it so chose and to rule on the motion as it saw fit, so long as it did not impair the appellant's constitutional rights. *See Diggs v. United States,* 740 F.2d 239, 249 (3d Cir.1984) (noting that motions to reduce sentences are left to the discretion of the trial judge and can be denied for virtually any reason, or for no reason at all).

■ We reject as meritless Quetel's argument that the trial court imprisoned her for debt because she failed to pay full restitution. Statutes prohibiting imprisonment for debt

> were not intended to take away the right to enforce criminal statutes and punish wrongful embezzlements or conversions of money. It was not the purpose of this class of legislation to interfere with the enforcement of ... penal statutes ..., such laws are rather intended to prevent the commitment of debtors to prison for liabilities arising upon their contracts.

*Freeman v. United States,* 217 U.S. 539, 544, 30 S.Ct. 592, 54 L.Ed. 874 (1910); *see also United States v. Ausmus,* 774 F.2d 722, 726–27 (6th Cir.1985) (rejecting delinquent taxpayer's claim of wrongful imprisonment for debt because imprisonment resulted from violation of federal law); *accord United States v. Kozminski,* 487 U.S. 931, 932, 108 S.Ct. 2751, 101 L.Ed.2d 788 (1988) ("By its terms the [Thirteenth] Amendment excludes involuntary servitude imposed as legal punishment for a crime."); *United States v. Drefke,* 707 F.2d 978, 983 (8th Cir.1983) (same). As it was Quetel's initial embezzlement and her failure to accept responsibility in full, not her failure to pay restitution, that landed her in prison, her constitutional rights have not been colorably implicated.

We find that the trial court imposed a lawful sentence upon the appellant within the statutory range and acted within its power to deny her motion to reduce her sentence. Accordingly, Quetel has presented no colorable claim under the Constitution or the laws of the United States. Therefore, this Court is without jurisdiction to further consider this appeal from a guilty plea.

## III. CONCLUSION

As appellant has presented no colorable claim under the Constitution or the laws of the United States, this Court is without jurisdiction to review the final judgment of the trial court. We will dismiss appellant's appeal accordingly.