**JOHNNY MARTINEZ, Petitioner**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, et al., Respondents.**

**JUAN MARTINEZ, Petitioner**

**v.**

**HORACE MAGRASS, and IVER STRIDIRON, Attorney General for the Territory of the Virgin Islands, Respondents**

Civil No. 568/03, Civil No. 68/03

Superior Court of the Virgin Islands

Division of St. Croix

December 22, 2005

ROSS, *Judge*

## MEMORANDUM OPINION

(December 22, 2005)

THESE MATTERS were combined due to their similarity in nature. Both matters were remanded to the Superior Court of the Virgin Islands

by the District Court of the Virgin Islands Appellate Division for lack of compliance with V.I.R. APP. P. 14(b). The District Court, however, has exceeded its rulemaking authority by requiring the Superior Court to comply with VIRAP 14(b). Accordingly, and for the following reasons, the Court declines to issue a certificate of probable cause for appeal or a statement of the reasons why such a certificate should not be issued, in compliance with VIRAP 14(b).

## Procedural History

Johnny Martinez pled guilty to Second Degree Murder and Unauthorized Possession of a Firearm in the Superior Court, and was sentenced to a total of eighty-five (85) years incarceration. Upon his timely motion, his sentence was reduced to forty-five (45) years. Johnny Martinez filed a Petition for Writ of Habeas Corpus on January 14, 2003, and an Amended Petition for Writ of Habeas Corpus on November 24, 2004. The Court denied the Petition and his Motion to Reconsider which followed. Johnny Martinez filed a Notice of Appeal on March 3, 2005, and the Order Setting Appeal Bond was signed on the same date. On April 16, 2005, the District Court granted the Government of the Virgin Islands' motion to remand the matter for compliance with VIRAP 14(b).

Juan Martinez was convicted in the District Court of First Degree Murder and Unauthorized Possession of an Unlicensed Firearm, and was sentenced to life without the possibility of parole. Juan Martinez appealed the judgment and filed a Motion for a New Trial which was denied after a hearing. Juan Martinez then filed a Petition for Writ of Habeas Corpus with the Superior Court, alleging that he was wrongly convicted of first-degree murder, which was denied. His subsequent Motion to Reconsider was also denied. Juan Martinez filed a Notice of Appeal on February 16, 2005, and the Order Setting Appeal Bond signed on February 23, 2005. On April 26, 2005, the District Court remanded the matter for compliance with VIRAP 14(b).

## Discussion

While VIRAP 14(b) purports to regulate procedure, and may appear to do so at first glance, Rule 14(b), in effect, grants substantive rights to habeas corpus petitioners. The V.I. Rules of Appellate Procedure were promulgated pursuant to the authority granted by V.I. CODE ANN. tit. 4, §§ 33 & 34, as enabled by section 23A (a) & (b) of the Revised Organic

344

Act of 1954.[1] VIRAP 1(d). Accordingly, the V.I. Rules of Appellate Procedure govern procedure in appeals to the Appellate Division of the District Court of the Virgin Islands from the Superior Court of the Virgin Islands. VIRAP 1(c). Rule 14(b) of the V.I. Rules of Appellate Procedure provides in pertinent part: "an appeal by the applicant from the order of the Superior Court denying the writ of habeas corpus may not proceed unless the adjudicating judge of the Superior Court issues a certificate of probable cause. If the Superior Court judge declines to issue the certificate, the judge shall state the reasons why such a certificate should not be issued." VIRAP 14(b).

A rule of "procedure" defines a particular way of doing something or a manner of proceeding. *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 80 (1995). A procedural rule regulates "the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." *Hanna v. Plumer*, 380 U.S. 460, 464 (1965) (*quoting Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941)). A substantive rule of law creates and defines the rights, duties, and obligations that are subsequently administered by procedural rules of law. *See Id.* While a procedural rule may affect a substantive right, any such effect must be incidental and may not materially modify a right granted by the substantive rule of law. *See Id.*

The Court finds that VIRAP 14(b) is a substantive rule of law and not a rule of procedure. VIRAP 14(b) is an attempt by the Appellate Division of the District Court to create additional rights for habeas corpus petitioners. The Appellate Division has exceeded its rulemaking authority by promulgating a substantive rule of law. *See In re Richards*, 52 F. Supp. 2d 522 (D.V.I. 1999);[2] *See also In re Richards*, 213 F.3d 773 (3d Cir. 2000). VIRAP 14(b) was not designed to enforce any preexisting rights or duties. *See In re Richards*, 213 F.3d 773, 784 (3d Cir. 2000).

---

[1] Section 23A(a) & (b) of the Revised Organic Act, 1 V.I.C. § 23A, can be found at 48 U.S.C. § 1613a.

[2] The Appellate Division of the District Court determined that a rule promulgated by the Territorial Court of the Virgin Islands, providing that no criminal case shall be dismissed upon motion by any party without the Court's determination of good faith and public interest, was substantive, not procedural, and thus exceeded the Court's rulemaking authority and impermissibly infringed on the executive branch's control of the prosecutorial function.

Under Virgin Islands substantive law, the Superior Court's refusal to issue a certificate of probable cause for appeal does not entitle a habeas corpus petitioner to a statement of the reasons why such a certificate should not be issued. *See* 5 V.I.C. § 3101 *et seq.* The Legislature of the Virgin Islands has not adopted such a position. Therefore, although VIRAP 14(b) attempts to mirror 28 U.S.C. § 2253(c)(1),[3] the rule is improper since it has not been legislatively enacted.

Moreover, the Appellate Division of the District Court has no authority to create and define duties and obligations for judges of the Superior Court. The Appellate Division of the District Court sits as the local appellate court for the Virgin Islands. *Monsanto-Swan v. Government of the Virgin Islands*, 918 F. Supp. 872, 877 (D.V.I. 1996); *see also In re Alison*, 837 F.2d 619 (3d Cir. 1988). In accordance with Section 23A of the Revised Organic Act, the Appellate Division has appellate powers over all matters of local law as specified by the Legislature. *Id.* at 875. The Appellate Division is "a territorial appellate tribunal akin to the highest state appellate court, whose interpretations of substantive local law should receive deference unless manifestly in error, so long as they are in conformity with the Constitution and applicable federal laws." *Id.* The rules promulgated by the local Courts "must be respectful of the legislature's power to enact substantive law." *In re Richards*, 213 F.3d 773, 783 (3d Cir. 2000). By promulgating VIRAP 14(b) absent enabling legislation from the Virgin Islands Legislature, the Appellate Division of the District Court has clearly exceeded its rulemaking authority.

## Conclusion

■ The above-captioned cases were remanded to the Superior Court by the Appellate Division because they lacked either a certificate of probable cause or a statement of the reasons why such a certificate should not be issued, which the Appellate Division maintains is a precursor to obtaining appellate review under VIRAP 14(b). Since VIRAP 14(b) is a substantive rule and not a procedural rule, however, it exceeds the rulemaking authority of the Appellate Division of the

---

[3]    28 U.S.C. § 2253(c)(1) specifies that an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court unless a circuit justice or judge issues a certificate of appealability.

District Court and is therefore ultra vires and void. Accordingly, the Court has no obligation to comply with VIRAP 14(b) by issuing either a certificate of probable cause for appeal or a statement of the reasons why such a certificate should not be issued.