

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-3-1997

# Ortiz v. Dodge

Precedential or Non-Precedential:

Docket
97-7023

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

## Recommended Citation

"Ortiz v. Dodge" (1997). *1997 Decisions*. Paper 238.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/238

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 3, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-7023

EDWIN ORTIZ;
SANTIAGO CAMACHO (Intervenor in D.C.)

v.

SYLVIA DODGE,
       Appellant

On Appeal from the Appellate Division of the
District Court of the Virgin Islands
Division of St. Croix
(D.C. Civil Action No. 93-cv-00234)

Argued April 9, 1997

BEFORE: BECKER, ROTH and WEIS,
Circuit Judges

(Opinion Filed October 3, 1997)

       Bethany J. Vazzana, Esq. (Argued)
       Law Offices of Wilfredo A. Geigel
       P.O. Box 25749, Gallows Bay
       Christiansted, St. Croix
       United States Virgin Islands 00824

        Attorney for Appellee


       Lolita d'Jones
        de Paiewonsky, Esq. (Argued)
       Commerce Place, Suite 104
       1142 King Street, Christiansted
       United States Virgin Islands 00820

        Attorney for Appellant

OPINION OF THE COURT

ROTH, Circuit Judge:

In this case, we are asked to review a decision of the
Appellate Division of the District Court of the Virgin
Islands, reversing in part an order of the Virgin Islands

Territorial Court and remanding for further proceedings. The appellate division's decision involves complicated questions about the scope and application of the Virgin Islands homestead exemption and the procedures available for undoing a confirmation order of a judgment sale. See 5 V.I.C. S 478, 489. We will not address the merits of this appeal, however, because we do not believe the decision, which remanded the case to the territorial court for further proceedings on the merits, qualifies as a "final decision" within the meaning of 48 U.S.C. S 1613a(c).

I. FACTS

In 1989, Sylvia Dodge, the appellant in this case, lost an action brought by Edwin Ortiz to collect a debt. Ortiz obtained a judgment in territorial court against Dodge for the amount of $4,982.91, plus interests and costs.

Ortiz did not succeed in two attempts to collect on the judgment. A territorial marshal then issued a writ, attaching Dodge's property at 122 Estate Ruby, St. Croix. The marshal eventually conducted an execution sale, and the property was purchased by Santiago Camacho, the intervenor appellee in this case, for a bid of $9,300. The territorial court entered an order confirming the sale of Dodge's property on September 24, 1991. Dodge apparently

2

did not receive a copy of Camacho's motion to confirm the judgment sale.

Nearly one year later, Dodge filed a motion with the territorial court to annul the Confirmation Order and set aside the sale on the grounds that she had been improperly denied a homestead exemption prior to the sale of her property and that she had been given improper notice of the motion to enter a confirmation order of that sale. See 5 V.I.C. S 478.1 The territorial court agreed with Dodge, vacated the confirmation order, and set aside the sale.

Camacho appealed to Appellate Division of the District Court of the Virgin Islands. See 48 U.S.C. S 1613a. On appeal, Camacho argued that (1) Dodge had failed t o provide appropriate notice to the marshals that her property qualified for the homestead exemption; (2) even if Dodge was entitled to the homestead exemption, it protected, at most, only her equity in the property, which was less than the amount paid out by Camacho; and (3) Dodge failed to meet the standards of Rule 60(b) of the Federal Rules of Civil Procedure in bringing her motion to annul the confirmation and vacate the sale and

confirmation order.

The appellate division affirmed the territorial court's decision to annul the Confirmation Order, but it did so pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,2 rather than pursuant to 5 V.I.C. S 489, which sets forth the circumstances under Virgin Islands law for confirmation of a judgment sale.3 See Camacho v. Dodge, 947 F.Supp. 886, 894 (D. Virgin Islands 1996).

_____

1. 5 V.I.C. S 478(a) provides in pertinent part: "The homestead of any family, or the proceeds thereof, shall be exempt from judicial sale for the satisfaction of any liability hereafter contracted or for the satisfaction of any judgment hereafter obtained on such debt. . . . It shall not exceed thirty thousand dollars in value . . .."

2. Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment or order under certain circumstances, such as "mistake, inadvertence, surprise, or excusable neglect" or "any other reason justifying relief from the operation of the judgment."

3. Section 489 provides in pertinent part: "The plaintiff in the writ of execution shall be entitled, on motion therefor, to have an order confirming the sale, unless the judgment debtor, or his representative in case of his death, files with the clerk his objections thereto within five days after the return thereof." 5 V.I.C. S 489.

3

Although the appellate division affirmed the territorial court's annulment of the Confirmation Order, it did not uphold the territorial court's decision to set aside the judgment sale. According to the appellate division, the fact that Dodge had properly invoked her homestead exemption under Virgin Islands law did not resolve the question of whether the sale should be set aside. See Camacho, 947 F.Supp. at 893. The appellate division therefore remanded the case to the territorial court to give Dodge "the opportunity to have the extent of her entitlement to the homestead exemption determined by the trial court . . .. The court's ruling on the remanded homestead issue will determine whether or not the entire execution sale must be set aside." Id.

Dodge's attorney now appeals the appellate division's reversal of the territorial court's decision to set aside the judgment sale.4

_____

4. We refer to Dodge's attorney because Ms. Dodge is no longer alive. Although, the appellate division directed Dodge's attorney to substitute a party for Sylvia Dodge, pursuant to Rule 43(a) of the Federal Rules of Appellate Procedure, no later than June 25, 1996, the record reflects that Dodge's attorney failed to accomplish this task. On June 26, 1996, Dodge's attorney, Lolita d'Jones de Paiewonsky, filed a response, suggesting that the trustee of Ms. Dodge's bankruptcy estate (Dodge had formerly filed for bankruptcy in the United States Bankruptcy Court for the Virgin Islands), John Ellis, would continue as a party to the proceedings. Ellis, however, later signed an affidavit in which he stated that he had never been asked to act as a substitute party in these proceedings and would refuse to do so if asked.

Paiewonsky also stated in her Response to the appellate division that Dodge's heir, Keith Dodge, would be returning to the Virgin Islands and would be seeking counsel to probate his mother's estate, which presumably included the exempt portion of her homestead property. Paiewonsky did not submit any further evidence, however, that Keith Dodge had in fact initiated probate proceedings.

At oral argument, we questioned Dodge's attorney about her failure to effect a proper substitution, in accordance with Federal Rule of Appellate Procedure Rule 43(a). Dodge's attorney replied in writing that Dodge's agent, Bassilia Chase, would continue in Dodge's place and would be handling "any probate proceeding as would be necessary." To date, we have not received any copy of any probate proceeding commenced with the territorial court.

4

II. DISCUSSION

A. Final Decision

We need not address the merits of Dodge's appeal because we lack appellate jurisdiction over this case. Under 28 U.S.C. S 1291 and 48 U.S.C. S 1613a(c), our jurisdiction is limited to "final decisions" from the District Court of the Virgin Islands.5 See In re A.M., 34 F.3d 153, 155 (3d Cir. 1994). A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633 (1945). See also Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457 (1978); Bryant v. Sylvester, 57 F.3d 308, 311 (3d Cir. 1995).

Neither of the parties has addressed whether the decision of the appellate division of the district court constitutes a final decision within the meaning of S 1291 or S 1613a. Because we are a court of limited jurisdiction, however, we must resolve this threshold issue sua sponte. See FW/PBS,

Inc. v. Dallas, 493 U.S. 215, 230, 110 S.Ct. 596, 607-08 (1990). We cannot treat a non-final order as immediately appealable simply because we think it might be erroneous and might wish to expedite resolution of the case. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 378, 101 S.Ct. 669, 675 (1981).

_____

Camacho contends that we should dismiss this appeal on the ground that Dodge's attorney failed to substitute a proper party to continue the appeal. Although we are inclined to agree, we will not address the merits of this argument since we find that we lack jurisdiction to review the appellate division's decision.

5. 48 U.S.C. S 1613a(c) states: "The United Court of Appeals for the Third Circuit shall have jurisdiction of appeals from allfinal decisions of the district court on appeal from the courts established by local law."

Appellate jurisdiction is also defined at 28 U.S.C. S 1291, which provides: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . and the District Court of the Virgin Islands, except where direct review may be had in the Supreme Court."

5

This case presents a complicated jurisdictional question because the case has already received "appellate" review from the district court. In this jurisdictional scheme of a court of appeals reviewing the decision of a territorial district court, acting in its appellate capacity, the Ninth Circuit has elected to treat the court of appeals' position as analogous to that of the Supreme Court when a party petitions for certiorari from a judgment of the highest court of a state. See e.g. Guam v. Kingsbury, 649 F.2d 740, 742 (9th Cir. 1981) (comparing appellate review of decisions of district court of Guam to Supreme Court's review of judgments of highest state court); Guam v. Quinata, 704 F.2d 1085, 1086 (9th Cir. 1984) (noting imperfectfit of analogy). In In re Alison, 837 F.2d 619, 622 (3d Cir. 1988), however, we rejected this analogy as inconsistent with the language and spirit of S 1613a(c), the statute governing appeals from the Territorial Court and the District Court of the Virgin Islands, and we refused to accept an "interlocutory appeal" of a reversal of a Rule 12(b)(6) dismissal. See In re Alison, 837 F.2d at 622 (rejecting argument that Court of Appeals is functional equivalent of Supreme Court under Virgin Islands judicial scheme). Subsequently, with regard to the question of finality, we have treated appeals from the Appellate Division of the District Court of the Virgin Islands no differently than

appeals taken from any other federal district court. See e.g.
Government of Virgin Islands v. Blake, 1997 WL 371031, *2
(3d Cir. 1997); In re A.M., 34 F.3d at 155.

In this case, the appellate division affirmed the territorial
court's determination that Sylvia Dodge had triggered her
homestead exemption under Virgin Islands law and that
she was entitled to have the Confirmation Order annulled,
but the court remanded the case to the territorial court to
determine the exact extent of Dodge's exemption. In a
footnote, the appellate division explained:

> Without getting into the details of the statute and
> procedure for claiming premises as a homestead
> entitled to the exemption, we note that the homestead
> "shall not exceed thirty thousand dollars in value." 5
> V.I.C. S 478(a). We further point out that Dodge had
> claimed in her bankruptcy filings that the property had

6

> a value of $50,000 although this claim was not
> contemporaneous with the judicial sale.

Camacho, 947 F.Supp. at 893 n.12. We infer from this
statement that the appellate division remanded the case to
the territorial court to allow it to hear evidence regarding
the value of Dodge's equitable interest in her homestead,
since the value of Dodge's home had not been made a part
of the record.6 The appellate division's decision cannot,
therefore, be described as a "final decision." The
proceedings in this case are ongoing, and the merits --
whether Dodge is entitled to have the court set aside her
judgment sale -- have not yet been conclusively
determined. As the appellate division explained, "The
[territorial] court's ruling on the remanded homestead issue
will determine whether or not the entire execution sale must
be set aside." Camacho, 947 F.Supp. at 893 (emphasis
added). The operative word in this sentence is "will."
Clearly, the appellate division did not "finally resolve" the
question whether the execution sale should be set aside.

Moreover, by remanding this case, the appellate division
handed to the territorial court the onerous task of
determining the value of Sylvia Dodge's exemption. Since
the territorial court's role is hardly ministerial, we cannot

_____

6. We also assume that the appellate division had accepted Camacho's
argument, set forth in his brief on appeal, that the homestead exemption
protected only the homeowner's equitable interest from judicial sale.
Although the territorial court has not addressed this issue, most states

have treated their homestead exemption as protecting only the debtor's equitable interest in the property. "[E]very modern [court] decision . . . adopts the view that the homestead amount is part of the homeowner's equity and not part of the value subject to the mortgage." Mercier v. Partlow, 546 A.2d 787, 789 (Vt. 1988) (citing cases).

The record reflects that Dodge had two mortgages on her home, amounting to $40,000 without interest. Although Dodge had listed her property at $50,000 in her bankruptcy filings, that claim was not made at the time of the judicial sale. Since the value of Dodge's home at the time of the judgment sale was unknown, we think it quite reasonable that the appellate division would remand the issue to the territorial court
to determine: (1) the value of Dodge's property, and (2) the difference, if
any, between the value of the unencumbered portion of the property and the proceeds left over for Ms. Dodge after Ortiz's debt was satisfied.

characterize the appellate division's decision as "final." See Martin v. Brown, 63 F.3d 1252, 1259 (3d Cir. 1995) (order generally not final "until it is reduced to a determinate amount"); Isidor Paiewonsky Associates, Inc. v. Sharp Properties, Inc., 998 F.2d 145, 150 (3d Cir. 1993) (final judgment is "one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree") (citation omitted).

Because the appellate division's decision is not final, we cannot consider any of the issues raised on appeal unless they fall within the collateral order doctrine. See Cohen v. Beneficial Indus. Loan Co., 337 U.S. 541, 69 S.Ct. 1221 (1949). Under that doctrine, an appellate court may review a non-final order if the order conclusively and finally resolves a disputed question, raises an important issue distinct from the merits of the case, and is effectively unreviewable on appeal from final judgment. See Christy v. Horn, 115 F.3d 201, 203 (3d Cir. 1997); In re Ford Motor Co., 110 F.3d 954, 958 (3d Cir. 1997).

To determine whether the collateral order doctrine applies, we must examine the grounds for Dodge's appeal. She objects to two aspects of the appellate division's decision. First, she contends that it was improper to affirm the territorial court's annulment of the confirmation on the basis of Rule 60(b), as opposed to 5 V.I.C. S 489.7 Second, Dodge challenges the decision as erroneous because it vacates the territorial court's set aside of the judgment sale.

Neither of these results falls within the collateral order exception to the final judgment rule. First, the appellate division did not conclusively resolve the issue whether the judgment sale of Dodge's property should be set aside. To

_____

7. Since regardless whether the appellate division chose to affirm the territorial court's annulment of the confirmation under Rule 60(b) or under 5 V.I.C. S 489, the court would have had to remand the case to the territorial court to determine the value of Dodge's exemption under 5 V.I.C. S 478, we question how Dodge has been prejudiced by the holding that Rule 60(b), not 5 V.I.C. S 489, provides the grounds for annulling the Confirmation Order.

8

the contrary, the appellate division deliberately left this issue open by remanding the case to the territorial court to determine the monetary value, if any, of Dodge's exemption. See Camacho, 947 F.Supp. at 893.

Second, both of the issues raised by Dodge's appeal -- the decision not to vacate the judgment sale and the affirmance of the territorial court's annulment of the Confirmation Order on alternative grounds -- are clearly intertwined with the merits of this case. This case thus differs from those situations in which the parties have appealed a separable issue, not related to the merits, such as a jurisdictional or procedural question.8 See e.g. Christy, 115 F.3d at 206 (district court's stay of habeas petition unrelated to merits of prisoner's claim for relief); In re Ford, 110 F.3d at 958 (privilege and work product issues unrelated to merits of case).

Finally, we fail to see why Dodge cannot wait to attack the appellate division's decision until after the territorial court has decided the value of her exemption. Indeed, given the complex nature of the merits of this case, we think we would be in a better position to judge the merits of Dodge's appeal if the value (or lack thereof) of Dodge's exemption were part of the record. In sum, this case demonstrates the reason why the final decision rule exists in thefirst place: it preserves judicial efficiency by preventing piecemeal appeals on issues that are better reviewed in the context of a final judgment. See Bethel v. McAllister Bros., Inc., 81 F.3d 376, 381 (3d Cir. 1996) (final judgment rule premised on policy against piecemeal appeals), citing Carr v. American Red Cross, 17 F.3d 671, 678 (3d Cir. 1994), and Praxis Properties, Inc. v. Colonial Savings Bank, 947 F.2d 49, 54 n.5 (3d Cir. 1991).

The appellate division's decision is neither final nor

_____

8. Because we do not find the issues raised by Dodge's appeal to be sufficiently separate from the merits of the case, we do not consider whether they would meet the "importance test" under the collateral order doctrine. See Christy, 115 F.3d at 205.

9

collaterally final. We therefore lack appellate jurisdiction over this appeal.9

B. Substitution of Parties

Although we dismiss this appeal for lack of appellate jurisdiction, we nevertheless take this opportunity to express our concern that Dodge's attorney has failed to substitute a proper party for Ms. Dodge following her death. Sylvia Dodge's death was first noticed on the record by the appellate division on May 7, 1996, when it ordered Dodge's attorney to inform the court of Dodge's status, and if necessary, to request substitution of an appropriate party no later than June 25, 1996, pursuant to Rule 43(a) of the Federal Rules of Appellate Procedure.10  Dodge's attorney did not obey this order.11 Instead, she unsuccessfully attempted

_____

9. Camacho also contends in his brief that the appellate division committed error by affirming the territorial court's annulment of the Confirmation Order. Whereas Dodge claims that the appellate division reached the right result (at least as regards upholding the territorial court's annulment of the Confirmation Order) for the wrong reasons, Camacho contends that the appellate division reached the wrong result, period. However, because Camacho failed to file a cross-appeal, we need not consider his argument. "As a general rule a party aggrieved by a decision of the district court must file an appeal in order to receive relief
from the decision." United States v. Tabor Court Realty Corp., 943 F.2d 335, 342 (3d Cir. 1991).

10. Rule 43(a) provides in pertinent part: "If a party dies after a notice of
appeal is filed or while a proceeding is otherwise pending in the court of appeals, the personal representative of the deceased party may be substituted as a party on motion filed by the representative . . . . If the
deceased party has no representative, any party may suggest the death on the record and proceedings shall then be had as the court of appeals may direct. . . . If a party entitled to appeal shall die before filing a notice
of appeal, the notice of appeal may be filed by that party's personal representative, or if there is not personal representative by that party's

attorney of record within the time prescribed by these rules. After the notice of appeal is filed substitution shall be effected in the court appeals
in accordance with this subdivision."

The Federal Rules of Appellate Procedure have been adopted by the Appellate Division of the District Court of the Virgin Islands. See Rule 76.1 of the Local Rules of Civil Procedure ("LRCi").

11. Dodge's attorney contends that the appellate division never "ordered" her to file for substitution. We disagree. The Appellate Division's

to substitute John Ellis, the trustee of Dodge's bankruptcy estate. In the alternative, Dodge's attorney argued that substitution was not necessary under federal Bankruptcy Rule 1016, which allows a liquidation case under Chapter 7 of the Bankruptcy Code to continue despite the death of a debtor. We think it is quite clear that the Bankruptcy Rules have no bearing on the question of whether this court or the appellate division may exercise jurisdiction over this case.

Despite this earlier order, however, the appellate division apparently overlooked its own directive when it filed its decision in November, 1996. The court did, however, state its expectation that the territorial court would ensure that Dodge's attorney substitute a proper representative. See Camacho, 947 F.Supp. at 893 n.12. Nevertheless, when we heard this appeal, proper substitution still had not taken place. After oral argument, Dodge's attorney wrote us a letter, stating that Bassilia Chase, Dodge's agent, had initiated probate proceedings before the territorial court and should be substituted as a party to this appeal. To date, we have not received any certification or other document confirming this information.

Regardless of whether Dodge's attorney has failed to comply with Rule 43(a), we think it is quite clear that, at some point, the failure to substitute a proper party for a deceased appellant moots the case. Under Article III, our jurisdiction, and that of the courts below, is limited to cases and controversies. We fail to see how any live case or controversy can exist when a deceased appellant has not been replaced with a legal representative. We decline, however, to address this issue until we are certain that substitution has not occurred. Because we are already dismissing this appeal for lack of appellate jurisdiction, we will save this issue for the Territorial Court to resolve. We will assume for now that Ms. Chase is a properly

_____

Amended Order expressly states that "counsel for appellee shall inform this Court of appellee's status, and if necessary, request appropriate relief pursuant to Fed.R.App.P. 43(a) no later than June 25, 1996." We interpret this statement to be an order, not an invitation, to substitute a proper party for Ms. Dodge.

11

substituted party. See Bennett v. Tucker, 827 F.2d 63, 68 (7th Cir. 1987) (temporarily substituting decedent's daughter as plaintiff in Section 1983 action, pending state probate court's appointment of her as executor of her mother's estate). If, it should occur, however, Ms. Chase is not eventually appointed as legal representative of Sylvia Dodge's estate, the territorial court will have to take appropriate action to resolve this issue.

III. CONCLUSION

Because we lack jurisdiction to review the appellate division's non-final decision, we will dismiss Dodge's appeal. Accordingly, we will remand this case to the district court for remand to the territorial court for further proceedings consistent with this opinion.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

12