

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2004

# Sprauve v. Mastromonico

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2046

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Sprauve v. Mastromonico" (2004). *2004 Decisions.* Paper 716.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/716

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  03-2046

WAYNE L. SPRAUVE,

Appellant

v.

ARNOLD MASTROMONICO;
MARIA MASTROMONICO

_____

On Appeal from the United States District Court
of the Virgin Islands, Division of St. Thomas and St. John
(Civ. No. 99-cv-00002)
District Judge: The Honorable Thomas K. Moore

_____

Submitted Pursuant to LAR 34.1
May 5, 2004

BEFORE: BARRY, AMBRO and SMITH, *Circuit Judges*,

(Filed:  May 11, 2004)

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge.*

Wayne L. Sprauve appeals from a series of orders issued by the District Court of

the Virgin Islands over the span of four years.  In fact, Sprauve has already appealed

several of these orders, and his attempts to resurrect those earlier appeals now are untimely. Because we find no merit in the remaining issues raised by Sprauve in this appeal, we will affirm the judgment of the District Court.

Much of the factual and procedural history of this case is reported at *Sprauve v. Mastromonico*, 86 F. Supp. 2d 519 (D.V.I. 1999). Because we write only for the parties, we recite only those facts necessary to reach our decision. On June 1, 1999, the District Court of the Virgin Islands entered judgment against Sprauve on his contract dispute with Arnold and Maria Mastromonico. The following day, June 2, 1999, the District Court ordered Sprauve to appear before the District Court on July 16, 1999 to show cause why he should not be held in contempt. The grounds for contempt included multiple alleged misrepresentations to the District Court, as well as Sprauve's allegedly willful and repeated failure to attend scheduled depositions.

On June 23, 1999, Sprauve filed a Notice of Appeal, appealing the District Court's June 1 judgment to this Court (Appeal No. 99-3499). On July 16, 1999, the Clerk of this Court terminated Sprauve's appeal for failure to pay the docketing fee pursuant to Local Appellate Rules ("LAR") 3.3 and 107.1(a). That same day, Sprauve failed to appear before the District Court as required by the June 2 order. Accordingly, the District Court issued an order finding Sprauve in contempt and directing the United States Marshal's Service to arrest Sprauve "herewith and incarcerate him until such time as he decides to comply with the Court's order of June 2, 1999."

2

Sprauve was arrested by the United States Marshal's Service on July 19, 1999, and appeared before the District Court that day to respond to the allegations in the June 2 order. On July 21, 1999, the District Court ruled from the bench that Sprauve would be disbarred, concluding that Sprauve had "engaged in a persistent pattern of deceit and delay throughout this litigation" and "refuse[d] to comply with the Rules of Professional Conduct adopted by the Court." On August 12, 1999, the Court issued a written order and supporting memorandum disbarring Sprauve from the Bar of the District Court of the Virgin Islands, *nunc pro tunc* to July 21, 1999.

On September 14, 1999, Sprauve filed a Notice of Appeal in this Court from the District Court's disbarment order (Appeal No. 99-3723). This appeal was dismissed for failure to prosecute.

Proceedings in the District Court to enforce the judgment against Sprauve continued from 1999 through 2003. In 1999, Sprauve was the record title owner of property located in the Virgin Islands known as "Anna's Retreat." The Mastromonicos recorded their judgments against Anna's Retreat in 1999. In September 2001, Sprauve attempted to convey Anna's Retreat to Ms. Christable George. On September 24, 2002, Anna's Retreat was sold at a judicial sale in which the Mastromonicos submitted the highest bid. The Mastromonicos subsequently moved the District Court to set aside the conveyance to Ms. George as fraudulent and to confirm the judicial sale.

On March 14, 2003, the District Court entered an order confirming the judicial sale

3

of Anna's Retreat. The Court ordered that the Mastromonicos were entitled to possession of the property and further directed Sprauve and all persons holding under him to surrender the premises by April 15, 2003. The District Court specifically found that the conveyance of Anna's Retreat to Ms. George "was given for no valid or sufficient consideration during the course of this litigation . . . well after the judgments in favor of the Mastromonicos were entered against Sprauve in June and July, 1999." Accordingly, the Court set aside the conveyance to Ms. George as fraudulent.

Sprauve filed a third Notice of Appeal on April 10, 2003, raising many of the same issues that were raised in his previously dismissed appeals. Specifically, Sprauve argues that the District Court's June 1, 1999 judgment is invalid for two reasons: (1) because it was entered without jurisdiction; (2) because it was entered notwithstanding Sprauve's request for a continuance. The time for a direct appeal of the June 1 judgment has long since expired, Fed. R. App. P. 4(a)(1)(a); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 161 (3d Cir. 2004) ("[T]he time limits for filing a notice of appeal are mandatory and jurisdictional." (internal quotations and citations omitted)), and Sprauve has not filed a motion in the District Court for relief under Fed. R. Civ. P. 60(b)(4).[1]

---

[1] Absent a timely direct appeal, Fed. R. Civ. P. 60(b)(4) is the appropriate vehicle by which to attack jurisdictional defects of judgments. *See* 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2862, at 322. However, it is well-established that Rule 60(b) is not a substitute for appeal. *E.g., Page v. Schweiker*, 786 F.2d 150, 154 (3d Cir. 1986) ("Were the rule otherwise, the time limitations on appeal set by Fed. R. App. P. 4(a) . . . would be vitiated."). Relief is appropriate under Rule 60(b)(4) only when there has been a "clear usurpation of power," *Page*, 786 F.2d at 156-61 (Garth, J., concurring), and the record in this appeal reveals no such error. The Mastromonicos

4

Likewise, Sprauve's argument that the District Court erred in its August 12, 1999 disbarment order is also untimely.

The arguments that remain in this appeal are meritless. Sprauve challenges the District Court's March 14 confirmation of the judicial sale of Anna's Retreat on two grounds: (1) that Ms. George, the true owner of the property, received no notice of the sale, and (2) that the District Court ignored Ms. George's objections to the sale. The premise of these arguments—that Ms. George is the true owner of Anna's Retreat—finds no support in the record. As discussed above, the conveyance of Anna's Retreat to Ms. George was set aside as fraudulent by the District Court. On appeal, Sprauve offers no basis to challenge this ruling.

Furthermore, the record shows that no objection to the sale was made by Ms. George prior to the District Court's March 14 confirmation order. Instead, Sprauve points to a March 31, 2003 letter from Marva L. George, on behalf of Christable George, which was sent to a different judge on the District Court of the Virgin Islands, seeking relief from the confirmation order. Sprauve fails to explain how this letter amounts to an objection to the judicial sale. *Cf. Camacho v. Dodge*, 947 F. Supp. 886, 891 (D.V.I.

removed this suit to the District Court on the basis of diversity jurisdiction. On February 19, 1999, Sprauve moved to remand the case back to the Territorial Court, arguing that the amount in controversy did not exceed $75,000.00, as required by 28 U.S.C. § 1332(a). The District Court denied Sprauve's motion, observing that Sprauve's own complaint sought specific performance of a lease agreement that gave Sprauve an option to purchase property valued at $330,000.00. *Sprauve*, 86 F. Supp. 2d at 522. Sprauve provides no basis on which to challenge this conclusion.

5

1996) (holding that 5 V.I. Code Ann. § 489 "does not provide a mechanism for vacating an order confirming a judicial sale of real property after it has been entered"), *appeal dismissed sub nom. Ortiz v. Dodge*, 126 F.3d 545 (3d Cir. 1997).[2]

Because we find no merit in the errors assigned by Sprauve, we will affirm the orders of the District Court entered on March 14, 2003.

---

[2] Sprauve also argues that the Mastromonicos exercised bad faith towards him by refusing to accept his offers to satisfy the judgment by assigning to the Mastromonicos a judgment in favor of Sprauve in another case. This argument was not raised before the District Court, is not the subject of a final order of the District Court, and is therefore not cognizable on appeal. *See Gass v. V.I. Tel. Corp.*, 311 F.3d 237, 246 (3d Cir.2002) (holding that issues not raised before a district court are waived on appeal).