**This version includes the errata dated June 30, 2009-e**

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 01-0945(E)(08-11370)

ANDREW J. NEWMAN, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before HAGEL, LANCE, and DAVIS, *Judges.*

O R D E R

On May 31, 2001, Andrew J. Newman filed a Notice of Appeal from a February 28, 2001, Board of Veterans' Appeals (Board) decision. On June 16, 2004, the Court issued a decision vacating and remanding the Board's February 2001 decision because VA failed to adequately notify Mr. Newman of who was responsible for obtaining evidence necessary to substantiate his claim pursuant to section 5103(a) of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096. The Court entered its judgment on July 8, 2004. The Secretary appealed that decision to the United States Court of Appeals for the Federal Circuit (Federal Circuit), which stayed its adjudication of the matter pending its disposition of *Roan v. Peake*, 269 Fed.Appx. 954 (Fed. Cir. 2008), which was in turn stayed pending the Federal Circuit's disposition of *Sanders v. Nicholson*, 487 F.3d 881 (Fed. Cir. 2007). On March 4, 2007, Mr. Newman died. Neither Mr. Newman's estate nor his lawyer notified the Federal Circuit. On March 11, 2008, the Federal Circuit lifted its stay of the proceedings and summarily affirmed the June 2004 Court decision. *Newman v. Peake*, 272 Fed.App. 899 (Fed. Cir. 2008) (per curium order). The Federal Circuit issued its mandate on May 2, 2008, ordering this court to remand Mr. Newman's appeal to the Board for further proceedings.[1]

On May 5, 2008, this Court received an order from the Federal Circuit stating that this Court's July 2004 judgment was summarily affirmed and, accordingly, this Court issued mandate on June 10, 2008. An application for attorney's fees pursuant to the Equal Access to Justice Act (EAJA) was timely filed on July 7, 2008. On the same day, Mr. Newman's attorney also filed with this Court a notice of Mr. Newman's death along with a motion to substitute Mr. Newman's widow for her husband for the underlying claim for VA compensation and the EAJA application.

---

[1] Though not dispositive of the issue presently before us, the Court notes that, due to an administrative error, the Court failed to act promptly after the issuance of the Federal Circuit's mandate.

When an appellant dies with an appeal pending before this Court and there are no qualified substitutes to continue the action, the Court typically vacates the underlying Board decision and dismisses the appeal. *See Landicho v. Brown*, 7 Vet.App. 42, 54 (1994); *see also Zevalkink v. Brown*, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); *Morton v. Gober*, 14 Vet.App. 174 (2000) (per curiam order). Here, however, Mr. Newman died while his appeal was pending before the Federal Circuit, which issued its decision affirming this Court's decision apparently unaware of his death.

As noted above, the Federal Circuit affirmed this Court's June 16, 2004, decision remanding the February28, 2001, Board decision. *Newman*, 272 Fed.App.899. However, Mr. Newman's death before the Federal Circuit had rendered its decision, coupled with the failure of Mr. Newman's counsel to inform that tribunal of the death, frustrates this Court's ability to implement the Federal Circuit's order. Claims for entitlement to VA benefits based on service-connected conditions do not survive a veteran's death. *Richard v. West*, 161 F.3d 719, 721 (Fed. Cir. 1998). The Federal Rules of Appellate Procedure allow a decedent's representative to file a motion to be substituted on an appeal that is pending before a court of appeals. FED.R.APP.P. 43(a).[2] However, at some point a failure to substitute a properparty moots a pending case. *Ortiz v. Dodge*, 126 F.3d 545, 550 (3rd Cir. 1997). Moreover, the official notes to Appellate Procedure Rule 43(a) indicate that the drafters intended the rule to function similarly to Civil Procedure Rule 25(a). FED.R.APP.P. 43(a), 1963 Advisory Committee Note. That Rule requires a motion for substitution to be made within 90 days after service of a statement noting a party's death. FED.R.CIV.P. 25(a)(1).[3] Thus, the window for filing a motiontosubstitute a party opens once a suggestion of death or other notice is filed, although the Court may deny the motion to substitute if the notice of death is made "longafter the death" and "circumstances have arisen rending it unfair to allow substitution." FED. R. CIV. P. 25(a), 1963 Advisory Committee Note.

This Court is not in a position to determine whether a suggestion of death or some other notification was submitted to the Federal Circuit. This Court is also not in a position to determine whether the failure to substitute Mr. Newman's widow in her husband's stead during the year following his death may have rendered his appeal before the Federal Circuit moot. *See Ortiz*, 126 F.3d at 550. Finally, this Court is incapable of determiningwhetherthe Federal Circuit would adopt this Court's rule that the unique nature of veterans law requires that an attorney inform the Court of legally significant events affecting jurisdiction over a case. *See Cleary v. Brown*, 9 Vet.App. 201, 202 (1996) (per curium order) (Ivers, J., concurring) ("Counsel [has] the obligation to advise the

---

[2]

Rule 43(a) of the Federal Rules of Appellate Procedure provides that "[i]f a party dies after a notice of appeal has been filed or while a proceeding is pending in the court of appeals, the decedent's personal representative may be substituted as a party on motion filed with the circuit clerk by the representative or by any party."

[3]

Federal Rule of Civil Procedure 25(a) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the

action by or against the decedent must be dismissed."

2

court of such actions where . . . the outcome of that action does or could affect the Court's actions.").[4]

If substitution were to occur anywhere, it should be at the court that had jurisdiction over the claim at the time of the death, which in this case is the Federal Circuit. The Federal Circuit should have been informed of Mr. Newman's death prior to its affirmation of the Court's decision one year after the date that he died. Accordingly, the Court holds that mandate should not have been entered at this Court, and further holds that Mr. Newman's death while his appeal was pending before the Federal Circuit constitutes an "exceptional circumstance" sufficient to recall the issuance of mandate. *Serra v. Nicholson*, 19 Vet.App. 268, 272 (2005), *citing McNaron v. Brown*, 10 Vet.App. 61 (1997) (holding that a petitioner's death prior to the issuance of mandate constitutes an exceptional circumstance). Therefore, the Court will deny Ms. Newman's motion to be substituted for her husband on his underlying appeal of the February 2001 Board decision. Additionally, the Court concludes that, absent substitution or dismissal of the appeal by the Federal Circuit, this Court does not have jurisdiction over Mr. Newman's application for attorney's fees pursuant to EAJA because the Court has not issued a final judgment in the matter. *See* 28 U.S.C. § 2412(d)(1)(B).

Upon consideration of the foregoing, it is

ORDERED that Ms. Newman's July 8, 2008, motion for a substitution of party is denied. It is further,

ORDERED that the Court's June 10, 2008, mandate is RECALLED. It is further

ORDERED that, if Mrs. Newman desires to continue to pursue this action, she file a motion before the Federal Circuit notifying that court of her husband's death and seek substitution pursuant to Federal Rule of Appellate Procedure 43(a) not later than 10 days after the date of this order. It is further

---

4

The Federal Circuit also did not have an opportunity to determine whether Mr. Newman's attorney made any representations before the Federal Circuit, and, if so, whether the attorney had an obligation to consult with his client before taking those actions. *Cf.* Model Rules of Professional Conduct 1.4(2) ("A lawyer shall . . . reasonably consult with the client about the means by which the client's objectives are to be accomplished); *Iovino v. Waterson*, 274 F.2d 41, 51 (2nd Cir. 1959) (holding that an attorney "must assure himself of the continued existence of his client before he takes affirmative steps in the client's behalf.").

ORDERED that if Mrs. Newman files a motion for substitution with the Federal Circuit that she file a copy with this Court not later than 5 P.M. on the 10th day after the date of this order. If such a copyis not filed in accordance with this order, the Clerk shall dismiss as matters over which the Court currently lacks jurisdiction both the appeal of the February 28, 2001, Board decision as well as the July 7, 2008, petition for attorney's fees and expenses filed pursuant to the Equal Access to Justice Act.

DATED: June 11, 2009

PER
CURIAM.

Copies to:

Louis J. George, Esq.

VA General Counsel
(027)