NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 05-2001

_____

TONY COSTER,
Appellant

v.

HARRELL WATTS, Administrator National Inmate Appeals;
M.E. RAY, Regional Director, NERO; JOHN J. LAMANNA,
Warden F.C.I. McKean; CINDY BILLISITS, A.W. Programs,
F.C.I. McKean; DENNIS OLSON, MD Clinical Director,
F.C.I. McKean; BONNIE SAYLOR, NP, F.C.I. McKean

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. No.03-CV-00025
District Judge: Honorable Sean J. McLaughlin

Argued February 2, 2010

Before: MCKEE, *Chief Judge*, HARDIMAN, *Circuit Judge*, and POLLAK,[*]
*District Judge*

(Filed: August 9, 2010)

_____

OPINION

_____

_____

[*] Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern District of
Pennsylvania, sitting by designation.

Thomas J. Roberts, Esq. (Argued)
Williams & Connolly
725 12th Street, N.W.
Washington, DC 20005
          Counsel for Appellant


Donovan J. Cocas, Esq. (Argued)
Laura S. Irwin, Esq.
Office of the United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
          Counsel for Appellees


POLLAK, District Judge.

On January 21, 2003 Tony Coster filed a *pro se* complaint in the District Court for the Western District of Pennsylvania alleging that defendants were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment pursuant 42 U.S.C. § 1983. The District Court granted summary judgment in favor of defendants, who will, collectively, be referred to as "the government."[1] On appeal, Coster argues that the District Court erred in: (1) granting summary judgment to defendants on the ground that plaintiff's Eighth Amendment claim of deliberate indifference amounted to no more than

---

[1] Defendants are (1) Harrell Watts, the Administrator of National Inmate Appeals for the Federal Bureau of Prisons; (2) M.E. Ray, The Regional Director of the Bureau of Prisons Northeast Regional Office; (3) John LaManna, Warden of F.C.I. McKean; (4) Cindy Billisits, Associate Warden of Programs at F.C.I. McKean; Dennis Olson, M.D., (5) the clinical director at F.C.I. McKean; (6) Herbert Beam, M.D., a staff physician at F.C.I. McKean; (7) Gracia Fairbanks, an employee of the medical services department at F.C.I. McKean; and (8) Bonnie Saylor, a Nurse Practitioner at F.C.I. McKean.

disagreement over treatment methods, and (2) denying plaintiff's motion to amend the complaint to add the United States as a defendant.   For the reasons that follow, we will dismiss the appeal pursuant to Federal Rule of Appellate Procedure 43.

## I.

Because we write primarily for the parties, we recount only the essential facts. Coster was a federal inmate in the custody of the Bureau of Prisons serving a lengthy sentence of incarceration pursuant to a conviction in the District Court for the Northern District of Ohio.  On April 6, 2001, he was transferred to Federal Correctional Institute-McKean, which is located near Bradford, Pennsylvania.  After his repeated requests for hernia surgery were denied, Coster filed his *pro se* complaint in the District Court for the Western District of Pennsylvania alleging a violation of the Eighth Amendment.  The District Court granted summary judgment on March 21, 2005 and Coster timely appealed. In January 2006, Coster sought appointment of counsel on his appeal.  On September 18, 2006, Coster filed, in the District Court for the Northern District of Ohio, a request for compassionate release from incarceration, which that court granted on October 27, 2006. It appears that Coster died one month later.  (We employ the phrase "it appears that" because this court received no contemporaneous notice of his death.).

Unaware of Coster's demise, this court granted Coster's motion for appointment of counsel on October 12, 2007, appointing Williams & Connolly, LLP, as *pro bono* counsel

pursuant to 28 U.S.C. §1915(e)(1). Appointed counsel failed to learn that Coster was deceased until April 2009, some eighteen months later, and then only when the government so informed him. On July 7, 2009, based on Coster's death, appointed counsel filed a motion for substitution of a party pursuant to Rule 43, which the government opposed. On August 20, 2009, this court granted the motion for substitution of a party but stated that "any issues with respect to the adequacy of proof regarding the identity of decedent's representative are referred to a merits panel." At oral argument on February 2, 2010, it was brought to our attention that appointed counsel was representing Jamere Nelson, who was identified as Coster's son, as the substituted party. The government argued that substitution was improper given: (1) counsel's assertedly "inexcusable" delay in seeking substitution, and (2) the lack of evidence showing that Nelson was, in fact, Coster's son. We directed the parties to attempt to come to an agreement as to the representative of the deceased and to submit a joint letter to the court.

On February 9, 2010, the government filed a letter pursuant to Rule 28(j) asking the court to dismiss Coster's appeal on the ground that it was moot for lack of jurisdiction and untimely under Federal Rule of Appellate Procedure 43(a). Rule 43(a)(1), which governs substitution of a party after a notice of appeal has been filed, provides that:

> If a party dies after a notice of appeal has been filed or while a proceeding is pending in the court of appeals, the decedent's personal representative may be substituted as a party on motion filed with the circuit clerk by the representative or by any party. . . . If the decedent has no representative, any party may suggest the death on the record, and the court of appeals may then direct appropriate proceedings.

Fed. R. App. 43(a).[2] On February 23, 2010 appointed counsel filed a letter arguing that dismissal was not appropriate and advising the court that "There is now a representative who is prepared to prosecute these claims. . . . He is moving forward toward opening Mr. Coster's estate in probate court in Ohio and will seek to become the executor of the estate." Counsel then requested "reasonable time be allowed for him to open the estate of Mr. Coster and seek appointment as the executor of the estate." On March 3, 2010, this court issued a 45-day Order to Show Cause as to why the case should not be dismissed pursuant to Rule 43.

On April 19, 2010, appointed counsel filed a supplemental letter pursuant to Rule 28(j) informing the court that on April 6, 2010, Sherine Coster, stated to be Coster's niece, had submitted an application in the Probate Court of Cuyahoga County, Ohio to administer Coster's estate. According to appointed counsel's supplemental letter, a hearing was to be held in the Probate Court on May 17, 2010. Appointed counsel concluded by asking this court to exercise its discretion to grant a relative of the deceased status as that party's representative for purposes of the appeal on a provisional basis, pending the outcome of Sherine Coster's application to become the executor of Tony Coster's estate. The

---

[2]  The government submits that "the official notes to Rule 43(a) of the Federal Rules of Appellate Procedure indicate that the drafters intended the rule to function similarly to Rule 25(a) of the Federal Rules of Civil Procedure." Rule 25 permits a court to deny a motion to substitute a party if the "notice of death is made 'long after the death' of the party and 'circumstances have arisen rendering it unfair to allow substitution.'" That note states in relevant part that a motion to substitute under that rule "may be denied . . . if made long after the death . . . and circumstances have arisen rendering it unfair to allow substitution."

government response, filed on April 20, 2010, repeated its arguments in favor of dismissing the appeal pursuant to Rule 43.

May 17, 2010 came and went, and appointed counsel never informed the court of the outcome of the state court proceeding. On May 21, 2010 the government renewed its request that the appeal be dismissed for lack of jurisdiction and for untimeliness of substitution pursuant to Rule 43. On July 19, 2010, the government informed the court that the May 17 hearing in Probate Court had apparently been continued to July 7, 2010. The government asked the court to order appointed counsel to provide the government with the name and contact information of the person appointed to administer Coster's estate; in the alternative–in the event that no one had been appointed to administer Coster's estate–the government asked the court to dismiss the appeal pursuant to Rule 43. Nothing further has been heard from appointed counsel.

## II.

Due to this long history and the failure of appointed counsel to find a suitable representative and to inform this court of the proceedings in the Ohio Probate Court, this appeal will be dismissed pursuant to Rule 43. Appointed counsel has been afforded numerous opportunities to find a substitute. "[A]t some point, the failure to substitute a proper party for a deceased appellant moots the case. Under Article III, our jurisdiction . . . is limited to cases and controversies. We fail to see how any live case or controversy can

-6-

exist when a deceased appellant has not been replaced with a legal representative." *Oritz v. Dodge*, 126 F.3d 545, 550-51 (3d Cir. 1997); *cf. Marbury v. Madison*, 1 Cranch 137 (1803) (federal courts have jurisdiction only where cases and controversies are properly before them).  A judgment accompanies this opinion.